# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

BOOTH v. DOTSON.

JUNE 25, 1896.

Absent, Harrison, J.

1. PLEADING—PARTIES—*Death of Party after Judgment, but before Appeal—Death pending Appeal or Writ of Error.*—All suits must be instituted by and prosecuted against living persons, either in a personal or representative capacity. There must be such parties to the record as can be affected by the judgment and from whom obedience can be compelled. An appeal or writ of error cannot be granted to one who is dead. His personal representative is the party aggrieved, and the person to apply for the appeal or writ of error. But if a party dies during the pendency of an appeal or writ of error, the court may proceed to judgment or decree, in certain cases under section 3307 of the Code, as if such death had not occurred.

Error to a judgment of the Circuit Court of Wise county, rendered April 20, 1894.

On a motion to dismiss the writ of error.

*Dismissed.*

After the writ of error had been awarded in this case, the defendant in error appeared and pleaded "that before the commencement of these appellate proceedings, to wit, on the —— day of ——————, 18—, the alleged plaintiff in error departed this life." This plea was supported by the affidavit of the defendant in error, and the fact pleaded was admitted by counsel for plaintiff in error, but was sought to be avoided by the admitted fact that on the day before his death, to wit, June 13, 1894, the alleged plaintiff in error had

Opinion

assigned the judgment in suit to his son, Emmett L. Booth. The petition for the writ of error was presented, and the writ awarded April 5, 1895.

The opinion states the other facts.

*J. F. Bullitt, Jr.*, for the plaintiff in error.

*C. T. Duncan* and *Burns & Fulton*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

George A. Booth instituted his action of debt in the Circuit Court of Wise county against N. B. Dotson, on a judgment for $1,328.00 recovered by Booth against Dotson before the court of common pleas of Defiance county, Ohio, and at the trial, at the April term of the Circuit Court, 1894, the verdict and judgment was in favor of the defendant.

April 5, 1895, a petition was presented to one of the judges of this court, on behalf of Booth, for a writ or error and supersedeas to the judgment of the Circuit Court, which was awarded.

Upon the calling of the case in this court a motion is made by defendant in error to dismiss, on the ground that Booth having died before the petition in his name for the writ of error and supersedeas was presented to this court, the court is without jurisdiction. It is agreed that Booth was dead when the petition was presented, having died in June, 1894.

Certainly at common law the suit could not be prosecuted in the name of a dead party. Indeed, this seems to be conceded in the argument on this motion. The question, therefore, is, has the court jurisdiction of the case under the statute ?

Sections 3305 and 3307 of the Code are cited by counsel

for plaintiff in error, but, as we construe these sections, neither of them relieves the situation. Section 3305 only provides that, where a party to the action dies or becomes convicted of felony, &c., &c., after verdict and before judgment is entered therein, the judgment may be entered as if the party had not died, or, &c.

Section 3307 is as follows:

" If, during the pendency of an appeal, writ of error, or supersedeas, the death of a party, or any other fact, which, if it had occurred after verdict in an action, would not have prevented judgment being entered, be suggested or relied on in abatement in the appellate court, the said court may, in its discretion, enter judgment or decree in the case, as if such death or other fact had not occurred."

It would not be contended that under section 3305, if it were brought to the attention of the trial court in which an action was pending, that a plaintiff or defendant had died before the action was brought or before the verdict, the court would be authorized to enter judgment in the case. Is it not therefore clear that, when sec. 3307 says: " If, during the pendency of an appeal, writ of error, &c., the death of a party, &c., which, if it (that is the death), had occurred after the verdict in an action, would not have prevented judgment being entered, be suggested or relied on in the appellate court, the court may enter judgment or decree in the case as if such death had not occurred," it did not intend to confer upon this court the authority to enter judgment in a case in which the alleged plaintiff in error had died before the appellate proceedings were begun?

The party applying for the writ must be a party, or some privy aggrieved. Hence in this case, the plaintiff being dead, his personal representative was in a legal sense the person aggrieved. It is a fundamental principle that all suits must be instituted by and prosecuted against living persons, either in a personal or representative capacity. There must be such parties to the record as can be affected by the judg-

ment, and from whom obedience to the mandate of the court can be compelled.   1 Freeman on Judgments, sec. 153.

In the case of *Phares Ex'or* v. *Saunders's Adm'r et als.* 18 West Va. 336, it was held as a general rule " that no person can bring a writ of error, who is not a party or privy to the record; but the right to bring the writ of error in case of the death of the party, against whom the judgment was rendered, will be in the personal representative, without a revival of the judgment, because the personal representative stands in the shoes of the deceased, and has the same rights, as his intestate had, with reference to the judgment." This answers the enquiry made in the argument in the case here, viz: How else could the writ of error in the case here have been obtained?   See also 1 Lomax Exor's, (2 Ed.) 539, and Bac. Abridgment, Error, B.

When the appeal or writ of error is once properly pending in this court, sec. 3307 of the Code comes to the relief of either party to the appellate proceedings, and prevents the abatement thereof for certain reasons.

"No appeal can be taken at law or in equity in the name of a deceased party or privy to the record.   Such an appeal is fatally defective, and cannot be amended in the appellate court." "A general appearance of the representatives of the deceased or of the appellee will not cure the defect, since the appeal is void, and it will be dismissed on motion." 2 Amer. & Eng. Encyc. of Pl. & Prac. 196–'7, and cases cited. A number of decisions are there cited rendered by the appellate courts of other States, among them, New York, Massachusetts, Indiana, Kentucky, Pennsylvania, Maryland, Illinois, and Iowa; and such of them as we have been able to examine are in point.   The reported cases decided by this court, in which this question arose are: *Buckner & W.* v. *Blair*, 2 Munf. 336; *Bank of Alexandria* v. *Patton*, 1 Rob. 499; *Rider* v. *Union Factory*, 7 Leigh 154; and *Reid's Adm'r* v. *Strider's Adm'r*, 7. Gratt. 76.

The first two are mainly relied on as adverse to the motion to dismiss, and the case of *Buckner, &c.* v. *Blair,* seems to sustain the contention. It was decided prior to any statute similar to sections 3305 and 3307 of the present Code, and the case is not well reported. Stress seems to have been laid, however, upon the fact "that no alteration in the parties had taken place since the appeal," but no authorities are cited to sustain the decision, hence it stands alone, and is at variance with well established general principles governing in law and equity proceedings.

In the case of *Rider* v. *Union Factory, supra,* the charter of the defendant in error expired by efflux of time pending the appeal, and it was there held that the appeal abated. And in the case of the *Bank of Alexandria* v. *Patton, supra,* the same thing occurred; but it being suggested to the court that the Bank had, before its charter expired, assigned its interests to other parties, it was held that the appeal did not abate, and the cause was proceeded with upon the merits without reviving the cause in the name of the assignee.

The fact, which is also agreed between the parties here, that George A. Booth the day before his death assigned his judgment sued on in this action to his son E. L. Booth, is relied on to bring the case under the ruling in the case of the *Bank of Alexandria* v. *Patton;* but it will be readily observed that the appeal in that case was properly pending in this court, having been awarded to and against living parties, which differentiates the case widely from the case here.

In the case of *Reid's Admr.* v. *Strider's Admr., supra,* a motion was made to set aside a decree of this court rendered at the April term, 1845, on the ground that before the case was argued or decided, the appellee, Strider, had died, and there had been no revival against his administrator, or a suggestion of his death upon the record. The motion was overruled, and such would doubtless have been the ruling had section 3307 then been in force, as that section relieves

in just such cases.   There, unlike the case here, the case was properly pending between living parties, when one of the parties died after the appeal was taken.

We have given this motion to dismiss most careful consideration, and have, with reluctance, concluded that it should be granted.

The case is dismissed.

                                                      *Dismissed.*