95   43
96   530

## Wytheville.

CARPER'S ADM'R v. NORFOLK AND WESTERN RAILROAD
COMPANY.

JULY 15, 1897.

1. APPELLATE PROCEEDINGS—*Second Writ of Error in Same Case—Evidence the Same on Both Trials—Law of the Case.*—A writ of error was awarded at the instance of a defendant in the trial court, the evidence was certified, and the case heard in this court as on a demurrer to the evidence by the defendant, and the judgment of the trial court was reversed. At the second trial in the court below the evidence taken on the first trial was read to the jury in lieu of examining the witnesses, and the defendant demurred to the evidence.

Held: The evidence on the two trials being exactly the same, and the position of the parties in respect thereto the same, the decision on the first writ of error became the law of the case, and judgment was rightly entered for the defendant on its demurrer.

Error to a judgment of the Circuit Court of Pulaski county, rendered July 29, 1893, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*J. C. Wysor,* for the plaintiff in error.

*J. E. Moore* and *Phlegar & Johnson,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This case is before us upon a writ of error to a judgment of the Circuit Court of Pulaski county, in the suit of *Carper's Adm'r* v. *N. & W. R. Co.* for the negligent killing of the plaintiff's intestate.

The case was tried more than once in the Circuit Court, and at the October term, 1890, a judgment was rendered in favor of the plaintiff, which was subsequently reversed by this court. The opinion of the court will be found in 88 Va., at p. 556. It was brought to this court by the Railroad Company upon exceptions to instructions, and upon a motion to set aside the verdict and judgment as contrary to the law and the evidence. This court held that the instructions given correctly propounded the law to the jury, but reversed the case upon the ground that the verdict and judgment were contrary to the law and the evidence, and, in the course of the opinion, Judge Lacy uses the following language: "There was no negligence in the defendant whatever; but if such could be established in this case, the contributory negligence of the deceased was the proximate cause of his injuries, and there can be no recovery." The judgment was therefore reversed, and the case remanded for a new trial.

When the case went back to the Circuit Court of Pulaski county a jury was empanelled, but instead of placing witnesses upon the stand, their testimony was read to the jury from the record of the former trial. There was a demurrer to the evidence, and the jury having rendered a verdict in behalf of the plaintiff in error for $3,000, the court entered judgment for the defendant in error; and thereupon Carper's Adm'r applied for and obtained a writ of error from one of the judges of this court.

We have, then, before us the same case upon the facts that

was before this court at a former term, reference to which has already been made. It was heard at that time upon a motion to set aside the verdict as contrary to the evidence, and the evidence being adjudged insufficient to support the verdict, a new trial was awarded. It is before us now upon a demurrer to the same evidence, and the same rule of decision applies, therefore, by force of the statute in such case made and provided as was applicable to it when heard by this court upon a former occasion. It is true the case was remanded for a trial *de novo,* and if there had been a change in the facts a new decision as applicable to them would have been required, and the former decision would cease, under the new state of facts, to be the law of the case. "For," as is said in Wells on *Res Adjudicata* and *Stare Decisis,* sec. 619, "it is clear that a party on a retrial *de novo* may introduce new evidence, and establish an entirely different state of facts, to conform to which is no violation of principle in a court, even if thereby it does set aside its former decision as inapplicable, and adopt a new one, as suited to the new phase of the controversy. But, even then, the former decision, so far as applicable, will be adhered to."

This record calls for a decision between the same parties, upon the same evidence, and upon the same issues that were decided when the case was formerly before this court. It was then the unanimous judgment of this court that the same testimony now relied upon by Carper's administrator was insufficient to support a judgment in his behalf. It went back to the Circuit Court. It was there heard upon the same testimony. The jury again entered a verdict in behalf of the plaintiff, and upon a demurrer to the evidence the Circuit Court entered judgment for the defendant. What else was there for the Circuit Court to do in the face of the judgment of this court reversing its former action? It would indeed most strikingly illustrate the uncertainty of the law if this court should now reverse the Circuit Court for entering judgment in behalf of the defendant upon the evidence

which it had already adjudged was insufficient to support a judgment on behalf of the plaintiff.

We think there was no error in the judgment complained of, and it must be affirmed.

*Affirmed.*