## Richmond.

### JACKSON'S ADMINISTRATOR V. WICKHAM & NORTHROP, RECEIVERS.

#### March 9, 1911.

1.  VERDICTS—*Motion to Set Aside—Evidence to Support.*—Where a
    case has been properly submitted to a jury and a verdict fairly
    rendered, it ought not to be set aside, unless manifest injus-
    tice has been done, or the verdict is plainly not warranted by
    the evidence. The fact that the verdict is contrary to the pre-
    ponderance of the evidence, or that the court, had it been on
    the jury, would have rendered a different verdict, will not
    change the result.

2.  APPEAL AND ERROR—*Personal Injury Action—Death of Plaintiff
    After Verdict—Judgment.*—If, in an action for a personal
    injury, the trial court erroneously sets aside a verdict for the
    plaintiff and awards a new trial, and on the second trial there
    is a verdict and judgment for the defendant, and the plaintiff
    then dies, a writ of error may be applied for by his personal
    representative to review the action of the trial court on the
    first trial. As soon as final judgment was rendered the right
    of the plaintiff to apply for a writ of error attached, and that
    right, upon his death, devolved upon his personal representa-
    tive. If the appellate court reverses the action of the trial
    court in setting aside the first verdict, it will enter up judg-
    ment for the plaintiff's intestate on that verdict. It is a case
    of death after verdict and before judgment, and is expressly
    provided for by section 3305 of the Code. Moreover, the law
    will not suffer the rights of parties to be lost through the error
    of the lower court.

3.  APPEAL AND ERROR—*Living Parties.*—A writ of error cannot be
    awarded to a person who is dead, and, if inadvertently done,
    the writ will be dismissed, but a new writ may be applied for
    by his representative.

Error to a judgment of the Corporation Court of the
city of Manchester in an action of trespass on the case.
Judgment for defendant. Plaintiff appeals.

*Reversed.*

The opinion states the case.

*Scott, Buchanan & Cardwell,* and *B. H. Custer,* for the plaintiff in error.

*Richard H. Mann* and *A. B. Guigon,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Emma Lee Jackson (plaintiff in error's intestate) brought her action against Wickham and Northrop, receivers of the Virginia Passenger and Power Company, to recover damages for personal injuries suffered by her while a passenger on an electric street car operated by the defendants.

There were two trials of the case. At the first trial the jury found a verdict in favor of the plaintiff for $1,500, which, upon motion of the defendants, the court set aside. On the second trial no evidence was introduced by either side, and the jury returned a verdict for the defendants. The court overruled the motion of the plaintiff to set aside the last verdict, to all of which rulings the plaintiff excepted, and caused her bills of exception to be signed and made part of the record. Shortly after these proceedings were had Emma Lee Jackson died, and the plaintiff in error, J. S. Jackson, having qualified as her administrator, presented a petition to this court for a writ of error to the judgment of the trial court, which was granted.

The receivers insist that the writ of error should be dismissed as having been improvidently awarded.

Before considering that contention, we shall notice the assignment of error with respect to the ruling of the court in setting aside the first verdict.

In such case, by statute, the course of decision is that this court will "look first to the evidence and proceedings

on the first trial, and if it discovers that the trial court erred in setting aside the verdict on that trial, it shall set aside and annul all proceedings subsequent to said verdict and enter judgment thereon." Acts, 1891-2, p. 692.

Two theories were submitted by the evidence to the jury. The plaintiff (who was vouched for as a person of the highest character for truth and veracity) testified that she boarded a car operated by the defendants on Hull street, in the city of Manchester, intending to get off at Ninth street. She was accompanied by her daughter, a child then about four years old. The car was an open summer car, from which passengers alighted from the side to a running-board, and thence to the ground. When plaintiff took her seat, about midway the car, she told the conductor to let her off at Ninth street, and expected the car to be stopped at that point. As the car approached Ninth street she also rang the bell, giving the stop signal, and the car slowed down as if to stop. Thereupon, and when the car had practically stopped, she arose from her seat, faced the side of the car, and held the child in front of her, with her hands under its arms, preparatory to alighting, waiting for the conductor to take the child and thus enable her to get off; but the conductor rendered her no assistance, and while she was in that position, without warning, the car was suddenly and violently put in motion, and she was thrown off, falling first on her side and finally on her back, with the child on top of her, her skirt catching and tearing in the fall. That she received injuries of a very serious character is fully proved, and no question is raised as to the amount of damages assessed by the jury.

The opposing theory of the defense (which the testimony of several witnesses tended to sustain) was, that the accident was due to the negligence of the plaintiff in attempting to alight from the moving car, against the warnings of the conductor.

The issue of fact thus sharply drawn was fairly submitted to the jury, and by them resolved in favor of the plaintiff. No rule is better settled by the decisions of this court than that where a case has been properly submitted to a jury and a verdict fairly rendered, it ought not to be set aside, unless manifest injustice has been done, or unless the verdict is plainly not warranted by the evidence.

The doctrine is clearly stated by Judge Burks in *Blair and Hoge* v. *Wilson*, 28 Gratt. 165, as follows: "Every reasonable presumption should be made in support of a verdict of a jury fairly rendered, and according to the long established, well-settled rule of this court, such a verdict cannot be set aside as against the evidence, unless there is a plain deviation—unless the evidence is plainly insufficient to warrant the finding."

In *Morien* v. *Norfolk & Atlantic Terminal Co.*, 102 Va. 622, 40 S. E. 907 (which is strikingly similar to the case in judgment), the court said: "In such case the preponderance of evidence cannot influence the action of the court in considering a motion for a new trial. The jury may discard the preponderance of evidence as unworthy of credence, and accept the evidence of a single witness upon which to base their verdict, and upon well-settled principles the verdict cannot be disturbed if the evidence of that witness is sufficient, standing alone, to sustain it. Nor is interference with a verdict authorized where the court merely doubts its correctness, or would itself have found a different verdict. The admissibility of evidence is with the court, but its weight is wholly with the jury."

Applying these principles to the case in judgment, it is clear that the trial court erred in setting aside the first verdict.

But it is insisted that the writ of error was improvidently awarded. The specific ground of that contention is that the original cause of action was for an injury to the

person and dies with the person at common law; and that inasmuch as the plaintiff died after judgment and before a writ of error was granted, the case abated.

It seems that even at common law such action does not abate after verdict.

The doctrine is thus stated in *Dial* v. *Holter,* 6 Ohio St. 228, 246: "Personal actions by the common law . . . abate by the death of the party. If before verdict such an event happens to one of the suitors, the case is brought to an end. But if, after verdict, and before judgment, he dies, the rule is different. The right to recover being established and the amount of damages being determined by the verdict, it shall continue in force, and judgment may be given upon it as of the term when it was rendered." See also *Crawford* v. *C. R. I. & P. Ry. Co.,* 171 Mo. 68, 82, 66 S. W. 350.

Professor Minor speaks of the rule as one of the "exceptions to the general doctrine touching the abatement of actions." 4 Min. Inst., Pt. I, p. 795.

In Virginia it has been carried into statute (Code, sec. 3305) which provides: "When a party dies, . . . if such fact occur after verdict, judgment may be entered as if it had not occurred."

If, however, the case had been rightly decided, the question now sought to be made could not have arisen; the court would have overruled the motion for a new trial and entered judgment for the plaintiff on the first verdict. Then, on the death of the plaintiff, the judgment would have passed to her personal representative, and, if necessary, could have been revived by *scire facias* and enforced. The law will not suffer the rights of the parties to be lost through the error of the lower court. As soon as final judgment was rendered, the right of the plaintiff to petition this court for a writ of error attached, and that right, upon her death, devolved upon her administrator.

Before counsel were advised of the plaintiff's death they presented a petition for a writ of error to this court in her name, which was granted; but the court's attention having been called to the fact that the plaintiff was dead when the writ was allowed, it was dismissed under the authority of *Booth* v. *Dodson,* 93 Va. 233, 24 S. E. 935. Thereupon, a second petition was presented in the name of the administrator, upon which this writ of error was granted.·

This practice is in accordance with the decision of *Booth* v. *Dodson, supra,* where it was held: "An appeal or writ of error cannot be granted to one who is dead. His personal representative is the party aggrieved, and the person to apply for the appeal or writ of error." 

It follows from what we have said that the judgment of the lower court must be reversed, and this court, in accordance with the statute, will enter judgment on the verdict found by the jury at the first trial.

*Reversed.*