## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## McCLUNG V. FOLKES.

### November 15, 1917.

1. APPEAL AND ERROR—*Harmless Error—Case at Bar.*—There were three trials of the issue in the instant case. At the first trial there was a verdict for the defendant, which the court set aside on the motion of the plaintiff, because contrary to the evidence, and. the defendant excepted. At the second trial there was a hung jury. At the third trial there was again a verdict for the defendant, which the court refused to set aside. At the last trial the court refused to receive certain evidence offered by the defendant to show different corners and lines from those set up at the first trial, unless the defendant would waive his bill of exception to the action of the court in setting aside the first verdict; the court being of opinion that the defendant should not be allowed to insist that the first verdict was right and then offer evidence to show that it was wrong. The defendant waived his exception under protest, and excepted to the action of the court in compelling him to make such waiver. This action of the trial court was assigned as error by the defendant.

   *Held:* That it was unnecessary to pass upon the question. Both verdicts were in favor of the defendant, and in the appellate court he vigorously insisted on the correctness of the last verdict, and asked that the judgment on the last verdict be affirmed. As the Supreme Court of Appeals was of opinion that he was right in his contention that the judgment should be affirmed, he could not have been hurt by his waiver though involuntarily made.

2. APPEAL AND ERROR—*Reversal—Rule as on Demurrer to Evidence.*—Where no exception was taken to the granting or refusing of instructions, and no objection was made in the Supreme Court of Appeals to the ruling of the trial court on the admission or rejection of evidence, the sole errors assigned being the refusal of the court to set aside the verdict as contrary to the evidence, and the judgment against the plaintiff for the entire costs of the litigation, the judgment must be sustained, if there is evidence to support it. It is insufficient

that the Supreme Court of Appeals upon the evidence, if they had been the jury, would have found a different verdict, where the court from the record is unable to say that manifest injustice has been done, or that the verdict is without evidence to support it.

3. COSTS — *Prevailing Party — Disclaimer — Case at Bar.*—At the second trial the defendant entered a disclaimer as to about one acre of the land in controversy. Plaintiff refused to accept the disclaimer in satisfaction of his demand, and it was manifest that the land disclaimed was but a small part of the subject of litigation.

*Held:* That plaintiff was not entitled to recover costs up to the time of the disclaimer, where the verdict and judgment in a third trial was for defendant, as the case is controlled by section 3545 of the Code of 1904, providing that the party for whom final judgment is given shall recover his costs.

Error to a judgment of the Circuit Court of Highland county in proceedings on a caveat. Judgment for caveatee. Caveator assigns error.

*Affirmed.*

The opinion states the case.

*Jos. A. Glasgow* and *John M. Colaw,* for the plaintiff in error.

*Curry & Curry, Timberlake & Nelson* and *Andrew L. Jones,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

C. C. Folkes was the owner of several tracts of land in Highland county, Virginia, and, desiring to correct uncertainties or mistakes in the boundaries thereof, applied to the circuit court of said county for an inclusive survey thereof. Code, sections 2337-2360. A caveat to prevent him from obtaining a new grant upon a resurvey of his lands was filed by L. M. McClung. Thereupon the court proceeded in a summary way, without pleadings, with the

7

aid of a jury, to ascertain the material facts not agreed by the parties as provided by section 2330 of the Code. The jury was sworn to try the following issue agreed upon by the parties:

"Has the plaintiff a better right than the defendant to the land mentioned in the plaintiff's caveat, or to any part of said land? If the jury finds that the plaintiff has a better right to the whole of said land they will say so. If the jury find the plaintiff has not the better right to the whole of said land, they will say so. If the jury find that the plaintiff has not the better right to the whole of the said land, but has the better right to a part of said land, they will say so and state in their verdict to what part of the land the plaintiff has such better right. If the jury find that the plaintiff has not the better right to said land, or any part of the same, they will say so."

Upon the trial of this issue, the caveator, McClung, was the plaintiff, and the caveatee, Folkes, was the defendant. There were two trials and a mistrial of this issue, but for convenience we will speak of all of them as trials. At the first trial there was a verdict for the defendant, which the court set aside on the motion of the plaintiff, because contrary to the evidence, and the defendant excepted. At the second trial there was a hung jury. At the third trial there was again a verdict for the defendant, which the court refused to set aside at the instance of the plaintiff, but entered judgment thereon for the defendant, and to this action of the trial court the plaintiff excepted, and brings the case here for review.

During the progress of the last trial, the defendant claimed that since the first trial he had discovered errors in the corners and lines sought to be established on the first trial, and offered a new map and evidence to show different corners and lines from those set up at the first trial. The plaintiff objected to this departure from the

case as made on the first trial and as shown by the map filed with the application for the inclusive survey, and the court refused to receive the map and evidence unless the defendant would waive his bill of exception to the action of the court in setting aside the first verdict; the court being of opinion that the defendant should not be allowed to insist that the first verdict was right, and then offer evidence to show that it was wrong. The defendant waived his exception under protest, and excepted to the action of the court in compelling him to make such waiver. This action of the trial court is assigned as error by the defendant in error, but in the view we take of the case it will be unnecessary to pass on it. Both verdicts were in favor of the defendant, and he is in this court now vigorously insisting on the correctness of the last verdict, and asking that the judgment on the last verdict be affirmed. As we are of opinion that he is right in his contention that the judgment should be affirmed, he could not have been hurt by his waiver though involuntarily made.

There was much evidence taken in the case on both sides, and it is of a highly conflicting nature. In addition to the testimony of numerous other witnesses, several surveyors were introduced by each party whose testimony conflicted, and a number of maps or blue prints showing points of controversy were also received in evidence. There was also introduced a large quantity of documentary evidence. Several trees also, alleged to be corners, were blocked and brought into court, and their annulations were pointed out by the witnesses, and finally the jury were taken upon the ground and given a view of the points in controversy. While there was this great volume of evidence relating to the issue submitted to the jury, the parties finally narrowed the issue between them to a single point, and each of them staked the fate of the case on whether the corner of one of the tracts was at a point which we may call A,

or at a point which we may call B. At the request of the plaintiff, and without objection from the defendant, the court instructed the jury that if they believed the corner was at A, they should find for the plaintiff, and at the request of the defendant, without objection from the plaintiff, they were instructed that if they believed the corner was at B, they should find for the defendant. Other instructions were given at the instance of each of the parties without objection from the other. Under these circumstances, the jury found for the defendant, and we cannot disturb their verdict.

No exception was taken to the granting or refusing of instructions, and no objection is made here to the ruling of the trial court on the admission or rejection of evidence. The sole errors assigned are the refusal of the court to set aside the verdict as contrary to the evidence, and the judgment against the plaintiff for the entire costs of the litigation. The plaintiff is here as on a demurrer to the evidence, and we are unable to say that the verdict is without evidence to support it. Counsel for the plaintiff in error have very ably argued to show that certain evidence offered by the plaintiff in the nature of admissions was conclusive in his favor, and that no evidence to the contrary should be heard, and have offered authority to support their contention, but evidence to the contrary was freely offered and received without objection in the trial court, and we cannot now disturb its judgment. Upon the evidence as it appears in cold print, we think, if on the jury, we would have found a different verdict, but this is not sufficient. We are unable to say from the record that manifest injustice has been done, or that the verdict is without evidence to support it. *Jackson* v. *Wickham,* 112 Va. 128, 70 S. E. 539; *Blair & Hoge* v. *Wilson,* 28 Gratt. (69 Va.) 165.

At the second trial, the defendant entered a disclaimer

as to about one acre of the land in controversy. It is insisted by counsel for the plaintiff in error that he should have recovered his costs up to that time, and that the trial court erred in entering judgment against him for the whole cost of the litigation. He refused to accept the disclaimer in satisfaction of his demand, and it is manifest that the land disclaimed was but a very small part of the subject of litigation. Several cases are cited by counsel for the plaintiff in error to sustain his contention, but it is unnecessary to review them because they appear to be either controlled by local statutes, or to be cases where the parties disclaimed all interest in the whole subject of litigation. More especially, however, we regard the question in the instant case as controlled by section 3545 of the Code, which provides that, "Except where it is otherwise provided, the party for whom final judgment is given in any action, or in a motion for judgment for money, whether he be plaintiff or defendant, shall recover his costs against the opposite party; * * *"

The judgment of the circuit court should, therefore, be affirmed.

*Affirmed.*