# Richmond.

## CARTER V. WASHINGTON AND OLD DOMINION RAILWAY.

### March 21, 1918.

1. APPEAL AND ERROR—*More than One Trial.*—Where upon the second trial of a case a verdict in favor of the plaintiff was set aside as contrary to the law and the evidence, to which action the plaintiff excepted, and upon the third trial no evidence was introduced and there was a verdict for the defendant, and the plaintiff assigned as error the action of the trial court in setting aside the verdict of the jury on the second trial, and the entering of judgment for the defendant on the third trial, the established rule is that the Supreme Court of Appeals will look first to the record of the second trial, and if there was error in setting aside that verdict, no further inquiry will be made and judgment will be entered by that court thereon.

2. APPEAL AND ERROR—*Affirmance or Reversal—Evidence Certified.*— Where the evidence is certified, the Supreme Court of Appeals will consider the whole evidence and sustain the verdict, unless it be against the law and the evidence, or without evidence.

3. LAW OF THE CASE—*Statement of the Doctrine.*—Where there have been two appeals in a case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal.

4. LAW OF THE CASE—*Different Facts on Second Trial.*—The doctrine of the "law of the case" can only be invoked, even between the same parties, where the facts reappear on the second trial the same as when originally presented. Nothing is more common than a material difference between the facts presented on a second trial from those shown on the first trial, and the "law of the case" is applicable to the state of facts existing at the time the law is announced. There is nothing in the rule to inhibit a party, on a second trial, from supplying omitted facts or from averring a different state of facts.

5. LAW OF THE CASE—*Different Facts on Second Trial—Case at Bar.*—In an action by a railway mail clerk against a carrier for injuries sustained, it appeared that the accident was due to the removal of a device called a catcher and safety bar,

fixed across the side doors of a postal car, as required by the regulations and instructions of the United States Post Office Department. On the first trial a judgment for plaintiff was reversed on the ground that the plaintiff knew of the removal of the bar and had acquiesced in its removal. But on the second trial it appeared from the plaintiff's testimony that he did not either know of the removal of the bar or acquiesce therein. *Held:* That the evidence upon the second trial as to the plaintiff's contributory negligence was materially different from the evidence upon the first trial with reference to that fact, and therefore the decision in the first case was not the law of the second case.

6. CARRIERS OF PASSENGERS—*Who are Passengers—Postal Clerk.*—A postal clerk upon a railway mail car is a passenger, and therefore entitled to the very highest degree of care from the carrier.

7. CARRIERS—*Postal Clerk—Contributory Negligence—Case at Bar.*— If in the case at bar, the plaintiff, a railway mail clerk, went to the door of the poorly lighted car in the performance of his duties, while the train was in motion, knowing that the safety bar had been removed, and was thrown out of the car because he failed to take proper precautions for his own safety, then it is clear that he was guilty of such contributory negligence as bars any recovery. On the other hand, if under such circumstances he went to the door of the car, not knowing that the safety bar upon which he had been accustomed to rely had been removed, and without any contributory negligence on his part, sustained the injury complained of, as appears from his testimony, then he is entitled to recover.

8. APPEAL AND ERROR—*Judgment by Appellate Court.*—If the court below erred in setting aside a verdict for the plaintiff, as contrary to the law and the evidence, the Supreme Court of Appeals will enter the judgment thereon which the trial court should have entered.

Error to a judgment of the Circuit Court of Fairfax county, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Moore, Keith, McCandlish & Hall,* for the plaintiff in error.

*W. J. Lambert, C. E. Nicol* and *C. Vernon Ford,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

There have been three trials in this case. The first resulted in a judgment in favor of the petitioner, which was reversed by this court for errors in granting certain instructions requested by the plaintiff, and in amending one instruction requested by the defendant (*Washington & Old Dominion Railway* v. *Carter,* 117 Va. 424, 85 S. E. 482), and the case was remanded to be further proceeded with in accordance with the views expressed in the opinion. On the second trial there was a verdict in favor of the plaintiff, which the trial court set aside as contrary to the law and the evidence, to which action the plaintiff excepted. At the third trial no evidence was introduced and there was a verdict for the defendant company.

The petitioner assigns as error the action of the trial court in setting aside the verdict of the jury on the second trial, and the entering of judgment for the defendant on the third trial.

The established rule in such cases is that this court will look first to the record of the second trial, and if there was error in setting aside that verdict, no further inquiry will be made and judgment will be entered by this court thereon. Code, section 3484; *Humphreys* v. *Valley Railroad Company,* 100 Va. 749, 42 S. E. 882.

The evidence being certified, the court will consider the whole evidence and sustain the verdict, unless it be against the law and the evidence, or without evidence.

"Where the plaintiff comes to this court with the verdict of the jury, who are the proper triers of the facts, and whose judgment is entitled to especial weight in all cases where there is a conflict of evidence and questions as to the credi-

bility of witnesses, in his favor, the court should look to the whole evidence upon the first trial and sustain the verdict rendered upon that trial, unless it can perceive that there has been a plain deviation from right and justice, and that the jury have found a verdict against the law or against the evidence or without evidence." *Muse* v. *Stern,* 82 Va. 35, 33 Am. St. Rep. 77; *Marshall* v. *Valley R. Co.,* 99 Va. 798, 34 S. E. 455; *Humphreys* v. *Valley R. Co., supra; Morien* v. *Norfolk, etc., Co.,* 102 Va. 622, 46 S. E. 907; *Jackson* v. *Wickham,* 112 Va. 128, 70 S. E. 539; *Bashford* v. *Rosenbaum,* 120 Va. 1, 90 S. E. 625.

The circumstances of the accident are sufficiently set out in *Washington & Old Dominion Ry.* v. *Carter, supra,* and it is only necessary to repeat that it was caused by the removal of a device called a catcher and safety bar, which had been theretofore fixed across the side doors of the postal car, as required by the regulations and instructions of the United States Post Office Department. These bars are put there for use in delivering the mail while the train is in motion as well as for the safety of the postal clerk, whose duties call him to the door for the delivery of mail. This bar had been removed, and when the case was before this court before, it was determined from the evidence then in the record that the plaintiff knew of the removal of the bar and had acquiesced in its removal.

The company claims that the evidence was substantially the same upon the second trial, and that all of the questions involved are concluded by the previous opinion and judgment of this court.

The doctrine of the "law of the case" has been recently stated by this court in *Steinman* v. *Clinchfield Coal Corporation,* 121 Va. 611, 93 S. E. 684, in this language: "Where there have been two appeals in the case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal." And

also thus: "Again, the doctrine of the 'law of the case' can only be invoked, even between the same parties, where the facts reappear on the second trial the same as when originally presented. Nothing is more common than a material difference between the facts presented on a second trial from those shown on the first trial, and the 'law of the case' is applicable to the state of facts existing at the time the law is announced. There is nothing in the rule to inhibit a party, on a second trial, from supplying omitted facts or from averring a different state of facts. 26 Am. & Eng. Ency. Law (2d Ed.) 191; *Carper* v. *Norfolk & W. R. Co.,* 95 Va. 43, 27 S. E. 813."

In the case of *Buchner Chair Co.* v. *Feulner,* 28 Ind. App. 479, 63 N. E. 239; *Id.,* 164 Ind. 368, 73 N. E. 816, the plaintiff's arm had been caught and injured by the bit of a boring machine. On the first trial he testified that he was not looking at the bit at the time his arm was caught, and the appellate court reversed the judgment upon the ground that the plaintiff had been guilty of contributory negligence. Upon the second trial the plaintiff explained his former answer, that he was not looking at the bit, by saying this: "I meant I wasn't just looking directly at the bit. I was looking at all of it. I was looking to where I was going to put the piece of wood, and watching the bit as best I could." The court there held that the "law of the case doctrine did not apply, and in the head note this is said: "Where in an action by a servant for injuries, the cause was reversed on appeal on the ground that the plaintiff was guilty of contributory negligence, as shown by his testimony that he was not looking, at the time of the injury, at the piece of machinery which caused the injury, but on the next trial he testified that he was looking at it, the holding on the former appeal was not the law of the case on the next appeal."

In order to apply this doctrine the facts on both trials must be substantially the same.

This raises the issue now to be determined. It appears from the plaintiff's testimony on the second trial that he did not either know of the removal of the bar or acquiesce therein, whereas it was expressly upon such knowledge and acquiescence that the court, in its former opinion, as noted above, based its conclusion that the plaintiff had been guilty of contributory negligence. Not that there is an irreconcilable conflict between his testimony upon the two trials, but an express denial of knowledge and acquiescence at the second trial which was omitted at the first trial. The company's chief witness testified to facts which, if true, show that the plaintiff did know of the removal of the safety bar, and while there was a conflict between this testimony and that of the plaintiff, there was at the first trial no explicit and positive denial of such knowledge by the plaintiff, though from his account of the transaction his counsel then claimed that upon a fair construction of his testimony it was clear that he did not know of the removal of the bar. This court, however, inferred otherwise, and upon that testimony was of opinion that the plaintiff had been guilty of contributory negligence. It is impossible for us to reach that conclusion now, if the plaintiff's testimony upon the second trial is true, because he clearly, distinctly and positively stated that he did not know that the bar had been removed. So that we have a case in which the evidence upon the second trial as to the plaintiff's contributory negligence was materially different from the evidence upon the first trial with reference to that determining fact, and this issue has been properly submitted to a jury, and the plaintiff has, by the verdict in his favor, been acquitted of the charge of contributory negligence.

It is observed, in passing, that the plaintiff, who was a postal clerk, was a passenger upon the train, and therefore

entitled to the very highest degree of care from the defendant company. *N. & W. Ry. Co.* v. *Shott*, 92 Va. 34, 22 S. E. 811; *Lindsey* v. *Pa. R. Co.*, 26 App. Cas. (B. C.) 503, 6 Ann. Cas. 863; *Virginia R. Co.* v. *Bell*, 115 Va. 430, 79 S. E. 396, Ann. Cas. 1915a, 804. The negligence of the company, which was alleged to be the proximate cause of the accident—that is, the operating of the postal car without the safety bar—was perfectly apparent upon both trials, and cannot be doubted. The decisive question is whether the recovery should be denied because of the plaintiff's contributory negligence. If he went to the door of the poorly lighted car in the performance of his duties, while the train was in motion, knowing that the safety bar had been removed, and was thrown out of the car because he failed to take proper precautions for his own safety, then it is clear, as appears from the former decision, that he was guilty of such contributory negligence as bars any recovery. On the other hand, if under such circumstances he went to the door of the car, not knowing that the safety bar upon which he had been accustomed to rely had been removed, and without any contributory negligence on his part, sustained the injury complained of, as appears from his testimony upon the second trial, then he is entitled to recover. These opposing theories of the case were submitted to the jury under proper instructions upon the second trial and upon evidence substantially different from that submitted to the jury on the first trial, and the issues having been determined in the plaintiff's favor, the court erred in setting aside that verdict. Therefore, this court will enter the judgment thereon which the trial court should have entered.

*Reversed.*