## CIRCUIT COURT OF ARLINGTON COUNTY

Martin Wolfe

v.

Sharon Lee Wolfe

July 6, 1973

Case No. (Chancery) 20571

By JUDGE PAUL D. BROWN

The issue is whether a surviving Defendant in a divorce may be heard on a Motion to Set Aside the Decree of Divorce if otherwise timely made.

The facts are not in dispute that this Court entered a Decree of Divorce on an Amended Bill of Martin E. Wolfe on the ground that the parties had lived separate and apart, without cohabitation and without interruption for a period in excess of two years. The period was found to have commenced in September of 1969; the final decree was entered February 21, 1973. Six days later on February 27, 1973, the Complainant and Cross Defendant died. The decedent's wife petitioned to vacate the decree on March 7, 1973, and gave notice that hearing would be sought on March 9, 1973, all within twenty-one days from judgment. To preserve the motion pending hearing, the court granted re-hearing without decision and continued the matter to March 16, 1973, at which time the issue of abatement by death was raised before taking of any testimony was commenced.

The court is of the opinion that the suit has abated and that it may not be revived and that the case should be placed among the ended files.

At common law both law and chancery cases die with the party. Matters not personal to a plaintiff, that is, those matters arising *ex contractu* could be revived

against or by the executors since they were actions against the property rather than the person. 3 *Blackstone's Commentaries*, 302; *Reid's Adm'r* v. *Strider's Adm'r*, 48 Va. (7 Gratt.) 76, 83 (1850).

The statutes on death and discontinuance commence with Code § 8-145. The first section permits judgment to be entered if the death occurs after verdict. The section is silent on the amendment of an improper judgment. Section 8-148 provides that the (then) Supreme Court of Appeals might, where appeal had been noted or pending, in its discretion take or retain jurisdiction. This was applied in a divorce suit when the Court had a pending appeal. A litigant died. The Court held it would retain jurisdiction under statutory authority to reverse the original decree under review if some of the holdings were found to be erroneous but it would not grant a divorce or allow alimony as the decree would be inoperative. *Cumming* v. *Cumming*, 127 Va. 16 (1920).

It is immediately seen that there is a hiatus in the statutes between the time judgment is entered and an appeal is noted or pending. During this time the action does not survive. It being personal, in that its primary prayer was for divorce, it is not the subject of revivor by an executor or administrator. See *Booth* v. *Dotson*, 93 Va. 233 (1896). See also 1A M. J., *Abatement, Survival and Revival*, Sec. 12, 18, et seq.

Since the cause was abated by the fact of death and cannot be revived because of its personal nature, the granting of a rehearing was improvident. It is to be set aside and the case placed in the ended files.

Under the principles enunciated in *Booth* v. *Dotson*, *supra*, there is no appeal. It is conceivable that attack may arise in a collateral fashion by some proceeding against the executor or administrator for the lesser issue of property rights is a live question. However, discussion of this point is not necessary to the present decision. The authorities further indicate that counsel for the decedent is relieved of further responsibility as the estate has the right to choose its own counsel.