## CIRCUIT COURT OF CHESTERFIELD COUNTY

Byrne

v.

Byrne

May 14, 1990

Case No. (Chancery) 5657-87

By JUDGE WILLIAM R. SHELTON

The Court finds that all counts of Ms. Byrne's motion should be denied. Mr. Byrne died before a divorce decree could be entered. This caused the divorce action to abate. By statute, the Court has been given the authority when it is granting a divorce to resolve the issues immixed with the divorce action. Where the divorce action abates, the Court's power to resolve the issues therein ceases.

Ms. Byrne has requested that the Court carry on with equitable distribution and that the Court order plaintiff to pay defendant's expenses, commissioner's fees and attorney's fees. Generally, these requests could be awarded under Va. Code §§ 20-107.3 and 20-103. Section 20-103 allows the Court to award costs during the "pendency" of the suit and 20-107.3 provides that "upon decreeing the dissolution of the marriage or decreeing a divorce from the bonds of marriage," the Court may determine the parties' property rights. The Court is granted its authority to act under both of these statutes when it is dissolving a marriage. In the case at hand, Mr. Byrne died before the divorce was entered. This abated the divorce action. Since the Court is no longer in the process of dissolving the parties' marriage, it does not have the power to act under Va. Code §§ 20-103 or 20-107.3.

The defendant argues that she seeks adjudication of what are property rights and that as such they survive the plaintiff's death under Va. Code § 8.01-25. This Court does not agree with the defendant's application of § 8.01-25. As already discussed, the Court's authority to deal with the property rights which arise in the course of a divorce is statutory and exists only so long as the Court is simultaneously granting a divorce. Because of this, a suit for divorce and the issues arising therefrom are unique in that the death of the one party acts to abate the action and removes the Court's authority over the issues that arose as a result of the pending action. The defendant has also cited the case of *Wolfe v. Wolfe* for the proposition that the Court still has the authority to adjudicate the parties' property rights where one party to the divorce had died. *Wolfe v. Wolfe*, 4 Va. Cir. 403, 404 (Arlington County 1973). The Court in *Wolfe*, however, made this statement *in dicta* and did not discuss it any further. Therefore, this Court will draw no conclusions from the statement in *Wolfe*. *Id*.

For the reasons previously stated, this Court finds that it is without the authority to grant the requests set forth in Ms. Byrne's motion. The Court feels that any remedy for Ms. Byrne must rest in an action against the estate.