## CIRCUIT COURT OF FAIRFAX COUNTY

Reed

v.

Austin

September 10, 1990

Case No. (Law) 93260

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is plaintiff's motion to set aside the verdict in favor of the defendant and to grant a new trial. For the reasons set forth below, plaintiff's motion is denied.

Plaintiff sets forth the following grounds in support of her motion: (1) the verdict of the jury was contrary to the law and the evidence in the case; and (2) the verdict is without evidence to support it.

No rule is better settled by the decisions of the Supreme Court of Virginia than that where a case has been properly submitted to a jury and a verdict fairly rendered, it ought not to be set aside, unless manifest injustice has been done, or unless the verdict is plainly not warranted by the evidence. *Jackson v. Wickham*, 112 Va. 128 (1911). "[T]he guiding principle for the court is not what it may think the jury ought to have done, or what the court may think it would have done, had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such a verdict upon the evidence. If this question can be answered in the affirmative, the verdict of the jury should be sustained." *Thress v. Hackler*, 155 Va. 389, 399 (1930).

The issue in this case is whether the defendants obtained the plaintiff's consent to perform the surgical procedures in question and whether the scope or extent of any consent given was exceeded. These issues are questions of fact for the jury. *Woodbury v. Courtney*, 239 Va. 651, 654 (1990). The evidence on the issue of consent was in conflict, and, in my opinion, the defendants introduced credible evidence that consent to Dr. Weston's participation in the surgery involving plaintiff's abdomen had been obtained. "When conflicting inferences have been resolved by the jury and those necessarily underlying the conclusion reflected in the verdict are reasonably deducible from the evidence, the trial judge should not set aside the verdict." *Lane v. Scott*, 220 Va. 578, 582 (1979) *cert. denied* 446 U.S. 986 (1980). I find the verdict to be supported by sufficient evidence and decline to set aside the verdict.

I also find that the verdict is not contrary to law. Plaintiff contends that the instruction given by the court on the issue of consent was erroneous because it included references to implied consent. Plaintiff contends that the evidence fails to support an instruction on implied consent and that it is inconsistent with law.

Evidence in support of the instruction was provided in testimony from each defendant and from Dr. Timothy Sylvester, plaintiff's expert, as well. The testimony of the latter witness fully supported the defendant's position that, where a patient is informed that a surgical assistant would be participating in the surgery to be performed by the lead surgeon, and consent to the assistant's participation is obtained, it is not necessary to obtain consent to the assistant's performance of specific aspects of the surgery. Tr. 5/1/90 at 181. Dr. Sylvester's testimony factually established that, in practice, consent to the performance of specific surgical tasks delegated to an assistant is implied from the granting of general consent to the assistant's participation in the operative procedure.

Plaintiff further contends that, as a matter of law, consent is implied only where "no consent has been obtained and emergency conditions have arisen which required extension of treatment or emergency treatment dictated by sound medical judgment." Plaintiff's *Memorandum in*

*Support of Plaintiff's Motion to Set Aside the Verdict,* citing 61 Am. Jur. 2d, *Physicians, Surgeons, etc.,* sect. 187, and *Pugsley v. Privette,* 220 Va. 892 (1980).

Section 187 of American Jurisprudence, volume 61, addresses informed consent, however, not implied consent; the latter topic is addressed in § 183 *et seq.* Contrary to plaintiff's contention, the treatise cited does not limit the circumstances in which consent will be implied to those involving emergencies or necessary extensions of treatment or procedures. 61 Am. Jur. 2d § 183 at 312-314. *See also, Henry v. Bronx Lebanon Medical Center,* 385 N.Y.S.2d 772 (1976); *Kenner v. Northern Illinois Medical Center,* 517 N.E.2d 1137 (Ill. 1987). Nor, logically, should such limitations be imposed where particular facts relating to consent establishes a basis for implying the grant. In summary, I find the instruction was supported by the evidence and was not contrary to law.