# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Rennolds and Others v. Williams.

### January 20, 1927.

1. Appeal and Error—*Limitations—Death of Plaintiff—Case at Bar.*—In the instant case final judgment was awarded March 7, 1925, the plaintiff died July 19, 1925, the defendant's petition for a writ of error was placed in the hands of a judge of the Supreme Court of Appeals September 5, 1925, the writ was awarded September 7, 1925, and the personal representative of plaintiff was appointed January 21, 1926, attorneys who had been counsel for plaintiff in his lifetime and who subsequently became counsel for his administrator after his death acknowledged service of the writ of error, and on February 3, 1926, filed a brief in the instant case on his behalf without noticing his death.

   *Held:* That the writ of error should be dismissed as improvidently awarded.

2. Appeal and Error—*Death of Plaintiff—Acknowledgment of Service by his Attorney—Case at Bar.*—In the instant case plaintiff died before defendant was awarded a writ of error, attorneys who had been counsel for plaintiff in his lifetime and who subsequently became counsel for his administrators after his death, acknowledged service of the writ of error. It was suggested that these attorneys had a lien on the judgment for their fees and hence their agency was coupled with an interest and not revoked by the death of plaintiff, but the record failed to disclose that there were any fees due from which a lien could be claimed and even if there were, the statute makes no provision for service of process upon an agent.

3. Actions—*Parties—Decedents—Appeals and Writs of Error.*—All suits and actions must be prosecuted by and against living parties, in either an individual or representative capacity. There must be such parties to the record as can be affected by the judgment and from whom obedience can be compelled, and this applies to writs of error, which are in the nature of new actions, as well as to an original action.

4. Appeal and Error—*Death of Party—Writ of Error Awarded against the Plaintiff who is Dead.*—While section 6167 of the Code of 1919 makes provision for proceeding to judgment in certain cases as if death had not occurred, it applies only where there has already been a proper

proceeding, and the death occurs "during the pendency of an appeal, writ of error, or supersedeas" rightly granted. It has no application where the death occurs before the appeal or writ of error is awarded.

5. JUDGMENT AND DECREES—*Judgment against One who is Dead—Writ of Error Granted Defendant where Plaintiff is Dead.*—A decree or judgment against one who was dead when the suit or action was brought, or a writ of error awarded to a defendant in a judgment against a plaintiff, who was dead when the writ was applied for, is a nullity.

6. ACTION—*Parties—Decedents.*—Suits must be defended by living parties. You cannot sue a dead man. The fact that a plaintiff does not know that the defendant is dead at the time he brings his suit is wholly immaterial.

7. SUMMONS AND PROCESS—*Alias Summons—Original Summons Void—Case at Bar.*—There can be no *alias* to avoid summons. If void, it never had any legal existence. It could serve no purpose. It could not stop the running of the statute of limitations and could not be aided by an *alias.* Thus, in the instant case, where defendant in error was dead before the writ of error was awarded, an *alias* summons on the writ of error issued against the personal representative of defendant in error could avail the plaintiffs in error nothing.

8. APPEAL AND ERROR—*Death of Defendant in Error before Writ was Awarded—Section 5809 of the Code of 1919.*—Where the plaintiff in the judgment appealed from had been dead more than a year and no application had been made for a writ of error against his personal representative, section 5809 of the Code of 1919, providing that the period of one year from the death of any party shall be excluded from the computation of time within which by the operation of any statute or rule of law it may be necessary to commence any proceeding to preserve or prevent the loss of any right or remedy, has no application.

Error to a judgment of the Circuit Court of Norfolk county, in a proceeding by attachment. Judgment for plaintiff. Defendants assign error.

*Writ of error dismissed.*

The opinion states the case.

*Harry A. McCoy,* for the plaintiff in error.

*Willcox, Cooke & Willcox,* for the defendant in error.

Burks, J., delivered the opinion of the court.

On March 7, 1925, D. E. Williams recovered a final judgment against P. J. Rennolds, trading as J. A. Rennolds & Bro., for $4,050.37, to which a writ of error was awarded September 7, 1925. This writ of error we are asked to dismiss as improvidently awarded.

[1] The time limit within which a writ of error to a final judgment may be awarded is six months from the date of such judgment. Code, section 6337. The final judgment was awarded March 7, 1925; the plaintiff, Williams, died July 19, 1925; the petition for a writ of error was placed in the hands of a judge of this court September 5, 1925, the writ was awarded September 7, 1925; and the personal representative of Williams was appointed January 21, 1926. Attorneys who had been counsel for Williams in his lifetime and who subsequently became counsel for his administrators after his death, acknowledged service of the writ of error, and on February 3, 1926, filed a brief in the instant case on his behalf without noticing his death.

[2] It was suggested in the argument for the plaintiffs in error that the attorneys for Williams had a lien on the judgment for their fees, and hence their agency was coupled with an interest and not revoked by the death of Williams. But the records fail to disclose that there were any fees due for which a lien could be claimed, and even if there were, the statute makes no provision for service of process upon an agent.

[3, 4, 5] All suits and actions must be prosecuted by and against living parties, in either an individual or representative capacity. The dead have passed beyond the jurisdiction of the court, and no decree or judgment of the court could be enforced against them personally. There must be such parties to the record as can be

affected by the judgment and from whom obedience can be compelled, and this applies to writs of error, which are in the nature of new actions, as well as to an original action. While section 6167 of the Code makes provision for proceeding to judgment in certain cases as if death had not occurred, it applies only where there has already been a proper proceeding, and the death occurs "during the pendency of an appeal, writ of error, or supersedeas" rightly granted. It has no application where the death occurs before the appeal or writ of error is awarded. A decree or judgment against one who was dead when the suit or action was brought, or a writ of error awarded to a defendant in a judgment against a plaintiff who was dead when the writ was applied for, is a nullity. *Booth* v. *Dotson,* 93 Va. 233, 24 S. E. 935; *Charlottesville* v. *Stratton,* 102 Va. 95, 45 S. E. 737; *Jackson* v. *Wickham,* 112 Va. 128, 70 S. E. 539; *Williams* v. *Dean,* 144 Va. 831, 131 S. E. 1; Burks Pl. & Pr. (2d ed. by Morrissett), pages 766-7.

In the case of *Charlottesville* v. *Stratton, supra,* Stratton had recovered a judgment against the city of Charlottesville and then died. The city caused the judgment to be revived, deeming that necessary in order to appeal, and applied for and obtained a writ of error against the personal representative of Stratton. The court held that the city had no right or power to have the judgment revived, nor was such revival necessary, but as the writ of error was properly awarded and proceeded in against the personal representative of Stratton, it proceeded to decide the case on its merits.

[6] In *Williams* v. *Dean, supra,* it was the judgment debtor who died after judgment, and after her death a writ of error was awarded in her name as though she were still living, and the writ was held to be void and

not amendable. The ground of the decision was that "suits must be brought by persons who are alive, either in their own right or in some representative capacity." The same principle applies in the instant case. Suits must likewise be defended by living parties. You cannot sue a dead man. The fact that a plaintiff does not know that the defendant is dead at the time he brings his suit is wholly immaterial. The situation remains the same, the defendant was dead at the time the suit was brought.

[7] It is said that an *alias* summons on the writ of error was issued against the personal representatives of Williams in August, 1926, but this can avail the plaintiffs in error nothing. The original summons was a void process, and there can be no *alias* to a void summons. If void, it never had any legal existence. It could serve no purpose. It could not stop the running of the statute of limitations and could not be aided by an *alias*.

The plaintiff in the judgment lived more than four months after the judgment was recovered, and died seven weeks before the writ of error was awarded. Section 5360 of the Code provides that "if no distributees apply for administration within thirty days from the death of the intestate, the court or clerk may grant administration to one or more of the creditors, or to any other person." The law affords ample protection to those who desire to apply for an appeal or writ of error, and if through ignorance of facts the plaintiffs in error have lost their right, it is a misfortune for which this court can afford no relief.

[8] As Williams, the plaintiff in the judgment appealed from, has been dead more than one year and no application has been made for a writ of error against his personal representative, the question of the applica-

tion of section 5809 of the Code, so ably discussed in *Williams* v. *Dean, supra,* does not arise, and in fact has not been presented.

The motion to dismiss the writ of error as improvidently awarded is sustained.

*Dismissed.*