## BERLOWITZ v SECURITY SAVINGS BANK & TRUST CO

Ohio Appeals, 6th Dist, Lucas Co
No. 2550. Decided July 1, 1931

Deeds & Cole and Julius Jacobs, Toledo, for Berlowitz.

Conn & Holloway, Toledo, for Security Savings Bank & Trust Co.

RICHARDS, J.

The question for determination is as to the power of the court to grant the amendment and substitution of Sara Chabler as administratrix as plaintiff in error, or the duty of the court to dismiss the proceedings in error. The question seems to have been clearly solved in the case of **Kennard v Kennard, 35 Oh St, 660.** In that case the court held that proceedings in error could not be instituted in the name of a deceased party. The attempt had been made to do so in behalf of George E. Kennard after his decease and the mistake being later discovered the heirs at law moved the court to revive the proceedings in error in their names. Such revivor, of course, could not be had without an amendment so that the motion was necessarily one seeking leave to amend as well as to revive. The court decided that the attempt to institute a proceeding in error in the name of a man who was deceased was ineffectual and that there being no plaintiff in error, the court acquired no jurisdiction of the cause. For that reason the court overruled the motion and the case was stricken from the docket. This case was followed in the unreported case of **Waldron v Fuchs, 62 Oh St, 633,** which was dismissed on authority of the Kennard case. These two decisions on the identical question involved in the case at bar would seem to be enough to point out the duty of the court in the case at bar.

Counsel, however, in their brief filed in support of the motion, cite two authorities, **Cincinnati, Hamilton & Dayton Railway v Bailey, 70 Oh St, 88,** which, however, only decides that where a petition in error had been filed without a signature, it may be amended at any time by subscribing the same. That conclusion was reached under the liberal power of amendments conferred by §11363, GC. The provisions of that statute in almost identical language has been in force ever since the adoption of the Code of Civil Procedure in 1853, where it was known as §137, 51 O. L., 78. The other case cited by counsel is **Snider's Executors, et al v Young, et al, 72 Oh St, 494.** That case only decides that where there are joint judgment creditors and some of them are brought into a proceeding in error within the time limited by statute, the others may be added afterwards. There is no hint that such relief could be afforded if none of the joint creditors had been brought into the proceeding in error within the time fixed by law, and no one would have the hardihood

to so contend.

It goes without saying that under the provisions of our statute, courts are very liberal in granting the right of amendment, both of pleadings and parties. but when a paper is filed in a reviewing court denominated a petition in error and the only person named as plaintiff in error has been long since deceased, such paper can not give the court any jurisdiction. The question involved here, therefore, is not a mere technical one but one involving the jurisdiction of the court. Such a paper filed as a petition in error would be just as effective if it named nobody as plaintiff in error instead of naming one who was deceased.

The Supreme Court of Appeals of Virginia decided the question we are now considering in Williams' Admr. v Dean, 144 Va., 831, in which that court held that suits must be brought by persons who are alive and that this rule applies to a proceeding in error. The court held that any petition which did not comply with this elementary and universal rule is not merely defective but void, and could not be revived. The court held that such a proceeding in error was fatally defective and could not be amended in the appellate court and that the general appearance of the representative of the deceased or the adverse party would not cure the defect, since the proceeding was void and should be dismissed on motion. To the same effect is Rennolds, et al. v Williams, 147 Va., 196. It is noteworthy that the courts of Virginia have the same power of amendment under Section 6104 of the Virginia Code as is possessed by the Ohio courts under §11363, GC, and yet the Virginia decisions above cited expressly hold that the proceeding is fatally defective and cannot be amended in the Appellate Court.

These holdings are in harmony with the general statement of the law as contained in Corpus Juris and Ruling Case Law.

For the reasons given the motion will be overruled and, as ordered in the Kennard case, cited supra, the "cause stricken from the docket."

LLOYD, J, concurs.

WILLIAMS, J, dissents.

It does not appear from the fragmentary report of the cases of **Kennard v Kennard, 35 Oh St, 660** and **Waldron v Fuchs, 62 Oh St, 633,** that any consideration was given to the question of amending the petition in error, and it does not appear that an application for amendment was ever made in either. In this connection it is interesting to note the language of our Supreme Court in **Railway Co. v Bailey, 70 Oh St, at page 91,** which we quote:

"Since the section (referring to §11363 GC, formerly §5114, R.S.) authorizes the amendment of proceedings with respect to substantial defects no inference against the right to amend can be drawn from the dismissal of petitions substantially defective when no application was made for leave to amend."

We thus have the language of our own Supreme Court indicating that in the instant case, where there is an application to amend, the cases of Kennard v Kennard and Waldron v Fuchs are not authority.

Railway Co. v Bailey, supra, clearly makes §11363, GC, applicable to proceedings in error, and that section, as construed in **Railway Co. v Elyria, 69 Oh St, 414,** permits the amendment to the title of a pleading by substituting the name of the real party in interest in place of the name erroneously or wrongly inserted as the real party in interest. We quote from page 422 of that opinion:

"But when the power of the court is invoked under §5114 GC, we find that a name of a party may be added or stricken out; and, if that can be done by the court, it may do both in one order—that is, strike out the name of a party and add or substitute the name of another."

It is said, however, that a petition in error which shows the plaintiff in error in the title to be that of a person who was dead when the pleading was filed, would render the proceeding void and make the petition in error impossible of amendment. The very purpose of the statute in permitting the substitution of the real party in interest in the name of a plaintiff or plaintiff in error, was to allow the correction of a mistake in inserting the name, and if it was the purpose of the pleader to insert the correct name of the plaintiff in error, but by mistake in writing the name he named a fictitious person, could it be said that the pleading could not be amendable; and it is difficult to discern any difference between a case in which the plaintiff in error is non-existent by reason of being fictitious, and one in which he is non-existent because dead.

Samuel Berlowitz was alive at the time the original action was begun in the Court of Common Pleas and upon his death during the pendency of the suit, his personal representative was substituted as plaintiff below. The attorneys filing the petition in error represented this personal representative at the time of filing the petition in error and merely through mistake inserted in the title the name of the deceased instead of his personal representative. In the amendment no change will be required in the body of the pleading. It will only be necessary to insert before the name "Samuel Berlowitz" Sara Chabler as executrix of the last will and testament of, and after the name "Samuel Berlowitz," the word "deceased," and then to amend the signature to the petition by similar correction. The statute permitting amendments is required by the Code of Civil Procedure to be given a liberal construction in order to give effect to its purposes. The language employed is clearly applicable to all cases for the correction of inadvertent mistakes, such as was made in the petition in error in this case. This court has jurisdiction of the subject matter and jurisdiction of the person of the defendant in error by entry of appearance, and if the real party in interest is willing to submit herself to the jurisdiction of this court as plaintiff in error, who can complain? In fact, she did appear by her attorneys when she, through them, filed her petition in error; but through mistake they failed to name her as plaintiff in error, and the mistake was hers, although she acted through her attorneys. If the act of filing was hers, how could it be said that the court had no jurisdiction over her. By reasonable construction the proceeding is not absolutely void and the mistake is subject to correction. It is a grave question whether code pleading, which was adopted to simplify procedure, is not becoming more technical in its application than common law pleading. Liberal interpretation was intended to forestall such a catastrophe. Why should the Code of Civil Procedure, intended to aid litigants and give them their day in court, be made by extreme construction a graveyard of buried hopes. In the furtherance of justice, the amendment should be permitted.