Present:  All the Justices

MARY C. PARKER

v.  Record No. 060085      OPINION BY JUSTICE ELIZABETH B. LACY
                                         January 12, 2007
JAMES E. WARREN, JR., PERSONAL
REPRESENTATIVE OF THE ESTATE OF
ARTHUR JAMES RUSSELL, DECEASED

                FROM THE CIRCUIT COURT OF YORK COUNTY
                     N. Prentis Smiley, Jr., Judge

     In this personal injury action, the trial court concluded

that Code § 8.01-229(B)(2)(b) contained a "scrivener's error"

and could not be applied as written.  Applying its

construction of that statute, the trial court dismissed the

motion for judgment as barred by the statute of limitations.

For the reasons stated below, we will reverse the judgment of

the trial court because there is no "scrivener's error" in

Code § 8.01-229(B)(2)(b) and the section does not apply to the

motion for judgment in this case.

     On May 23, 2002, Mary C. Parker filed a motion for

judgment against Arthur James Russell for personal injuries

arising out of a June 12, 2000 motor vehicle accident.

Russell subsequently died on October 15, 2003.  James E.

Warren, Jr. qualified as personal representative of Russell's

estate on November 17, 2004.  On May 5, 2005, the trial court

granted Parker's motion to substitute Warren, the personal

representative of Russell's estate, as the defendant in her personal injury action.

Warren filed a special plea to the statute of limitations arguing that, under Code § 8.01-229(B)(2)(b), Parker was required to substitute the decedent's personal representative as the party defendant before the expiration of the limitations period or within two years after the date the motion for judgment was filed, whichever occurred first. Thus, according to Warren, the latest date for substituting him as the defendant was May 23, 2004 and, consequently, the action was not timely. Parker replied to the special plea asserting that Code § 8.01-229(B)(2)(b) did not apply in this case and that the substitution was timely made.

Following argument of counsel, the trial court concluded that the Code section did apply although it contained a "scrivener's error." The trial court "corrected" that error and dismissed the motion for judgment as untimely. We awarded Parker an appeal.

### Discussion

At issue in this appeal are two subparagraphs of Code § 8.01-229(B)(2). Those subparagraphs provide as follows:

> a. If a person against whom a personal action may be brought dies before the commencement of such action and before the expiration of the limitation period for commencement thereof then a claim may be filed against the decedent's estate or an action

2

may be commenced against the decedent's personal representative before the expiration of the applicable limitation period or within one year after the qualification of such personal representative, whichever occurs later.

b.  If a person against whom a personal action may be brought dies before suit papers naming such person as defendant have been filed with the court, then such suit papers may be amended to substitute the decedent's personal representative as party defendant before the expiration of the applicable limitation period or within two years after the date such suit papers were filed with the court, whichever occurs later, and such suit papers shall be taken as properly filed.

(Emphasis added.)

At trial and before this Court, Warren argued that subparagraphs (a) and (b) both reference circumstances in which the defendant dies before the litigation is commenced, but establish separate limitations periods for filing the litigation.  Accordingly, he argued that applying the language of the subparagraphs as written would create an absurdity. Furthermore, Warren argued, the General Assembly would not enact two provisions addressing the same circumstances.  To avoid such a result and harmonize the two subparagraphs, Warren contended that the provisions of subparagraph (b) should apply when the defendant dies after the action was commenced.  The trial court, apparently agreeing with Warren, held that the word "before" in subparagraph (b) was a "scrivener's error" and should have been "after."  Applying

3

that construction, the trial court found that Parker's substitution of Warren as a defendant was untimely because it occurred more than two years after the litigation was filed.[*]

Statutory construction is a question of law which we review de novo on appeal. Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006). Courts are required to apply the plain language of a statute when possible and may not rewrite it. Halifax Corp. v. Wachovia Bank, 268 Va. 641, 653, 604 S.E.2d 403, 408 (2004). When, however, the language of a statute is ambiguous or appears to be inconsistent with other portions of the statute, courts are required to harmonize any ambiguity or inconsistency in the statute to give effect to the General Assembly's intent without usurping "the legislature's right to write statutes." Boynton, 271 Va. at 229-30, 623 S.E.2d at 927.

Applying the plain meaning of the subparagraphs at issue, we conclude that they do not address identical circumstances and therefore do not create different limitations periods for identical circumstances. Subparagraph (a) provides an expanded limitation period for filing suit against the personal representative of a defendant who died before the

---

[*] There is no transcript of the hearing and the statement of facts does not recite the attorneys' arguments or the rationale of the trial court. Nevertheless, the parties do not dispute that these arguments were made in the trial court.

4

litigation was filed.  This subparagraph does not address what effect, if any, a plaintiff's pleading naming a deceased defendant would have on the running of the statute of limitations.  Subparagraph (b), added in 1991, addresses this situation.  See 1991 Acts ch. 693.

Prior to the enactment of subparagraph (b) in 1991, Virginia law provided that a suit filed against a deceased party was a nullity and, as such, could not operate to toll the statute of limitations.  See, e.g., Rennolds v. Williams, 147 Va. 196, 198-200, 136 S.E. 597, 597-98 (1927). Furthermore, because the personal representative was a person distinct from the decedent, the mistaken naming of the decedent was not a misnomer and substitution of the personal representative did not relate back to the initial filing of the lawsuit.  See Rockwell v. Allman, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971).  Thus, if a litigant filed a personal action against a defendant who, possibly unbeknownst to the plaintiff, had died, that action was a nullity and the statute of limitations would continue to run.  Subparagraph (b) addresses this circumstance by providing that a suit filed against a defendant who was deceased when the action was filed could be amended to substitute the decedent's personal representative and would be considered timely filed if the

substitution occurred within two years of the original filing date.

For these reasons, subparagraphs (a) and (b) of Code § 8.01-229(B)(2) are not ambiguous or inconsistent and do not create an absurdity.  Accordingly, there is no basis for applying rules of statutory construction and the trial court erred in holding that subparagraph (b) contained a "scrivener's error" requiring the substitution of the word "after" for the statutorily prescribed "before."

As written, subparagraph (b) applies in circumstances in which a decedent dies before a personal action against him is commenced.  Russell died after Parker filed her motion for judgment.  Therefore, subparagraph (b) of Code § 8.01-229(B)(2) does not apply in this case, and Warren's plea to the statute of limitations based on this subparagraph should have been denied.  Accordingly, we will reverse the judgment of the trial court dismissing Parker's motion for judgment and remand the case for further proceedings.

<u>Reversed and remanded.</u>