COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, O'Brien and Chaney

DEBRA K. CLUTTEUR

v.        Record No. 0104-22-3

NANCY C. ROSIER

OPINION BY
JUDGE VERNIDA R. CHANEY
OCTOBER 31, 2023

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Michael William Helm; Miller, Earle & Shanks, PLLC, on brief),
for appellant.  Appellant submitting on brief.

(Randall T. Perdue; TimberlakeSmith, on brief), for appellee.
Appellee submitting on brief.

Debra K. Clutteur appeals the circuit court's dismissal of her personal injury action

commenced—and recommenced after a nonsuit—against a deceased defendant, Nancy C.

Rosier, and defended by an insurer acting in the name of the decedent.  After Clutteur

recommenced her action by filing a second complaint against Rosier (second complaint) and

moved to substitute Rosier's personal representative as defendant, the circuit court ruled that

Clutteur's action was barred by the statute of limitations and granted the plea-in-bar filed by

counsel acting in the name of Rosier.  On appeal, Clutteur assigns error to the circuit court (1)

granting Rosier's plea-in-bar, (2) failing to find that a general appearance by defendant's counsel

tolled the statute of limitations, and (3) failing to find that the order of nonsuit in the nonsuited

action entitled Clutteur to recommence the action against Rosier within six months.[1]

---

[1] By granting Rosier's plea-in-bar, the circuit court impliedly found that (1) a general
appearance by defendant's counsel did not toll the statute of limitations and (2) the order of
nonsuit in the nonsuited action did not entitle Clutteur to recommence the action within six
months.

Resolving this appeal requires this Court to determine the tolling effect, if any, of an action commenced against a decedent and nonsuited after the time for substituting a personal representative for the decedent under Code § 8.01-229(B)(2)(b) has expired. This Court holds that once an action commenced against a decedent is no longer amendable to substitute a decedent's personal representative under Code § 8.01-229(B)(2)(b), that action is a nullity. Consequently, neither the commencement of that action nor a nonsuit of that action has any tolling effect.[2] Without the benefit of tolling from the void nonsuited action, the time for commencing an action against the personal representative of Rosier under Code § 8.01-229(B)(2)(a) had expired.[3] Therefore, although Clutteur's requested amendment of her second complaint to substitute Rosier's personal representative for Rosier was authorized by Code § 8.01-229(B)(2)(b) and would have rendered the action properly filed, the action would have been untimely. Moreover, a general appearance by insurance counsel, acting in the name of

---

[2] In this action, Clutteur relies on tolling by nonsuit under Code § 8.01-229(E)(3). Since Clutteur's originally filed action is a nullity, tolling under Code § 8.01-229(E)(1) is also unavailable. Under Code § 8.01-229(E)(1), a properly filed action that "for any cause abates or is dismissed without determining the merits" tolls the applicable statute of limitations during its pendency. Thus, if properly filed, Clutteur's original action would have tolled the applicable limitations period during the pendency of the original action even if no nonsuit was available. Since the original action was filed on December 14, 2018, 19 days before January 2, 2019—the last day within the applicable limitations period—Clutteur would have had 19 days remaining in the applicable limitations period to timely re-file her action against Rosier after the July 26, 2021 dismissal. Thus, if Clutteur's original action was properly filed, Clutteur would have had until August 14, 2021—extended to Monday August 16, 2021 due to August 14 falling on a Saturday—to timely re-file her action against Rosier. Clutteur did not re-file her action against Rosier until Tuesday, August 17, 2021. Unlike tolling under Code § 8.01-229(E)(1), tolling-by-nonsuit under Code § 8.01-229(E)(3) continues to suspend the applicable limitations period as of the filing date of the properly filed nonsuited action if the action is recommenced within six months. However, since the originally filed action is a nullity, it has no tolling effect under either Code § 8.01-229(E)(1) or Code § 8.01-229(E)(3).

[3] Clutteur's originally filed action is a nullity. Consequently, in effect, no action against Rosier was commenced before Rosier's death. Therefore, Rosier died before the commencement of Clutteur's action and the time for commencing an action against Rosier's personal representative is governed by Code § 8.01-229(B)(2)(a).

Rosier under Code § 38.2-2206(F), did not relieve Clutteur of the obligation to amend her suit to timely substitute a personal representative for Rosier. Accordingly, this Court affirms the circuit court's judgment sustaining Rosier's plea-in-bar and dismissing Clutteur's complaint with prejudice.

BACKGROUND

On January 2, 2017, Debra K. Clutteur and her husband, Stanley W. Clutteur, while driving on a highway in Virginia, were allegedly injured when a car operated by Nancy C. Rosier collided with them. Rosier, a West Virginia resident, subsequently died on September 17, 2017.

Clutteur filed a complaint against Rosier on December 14, 2018, within the two-year statute of limitations for personal injury actions under Code § 8.01-243(A).[4] However, Rosier was not a proper party-defendant because she had died prior to the commencement of Clutteur's action.[5] On August 16, 2019, acting in the name of "Nancy C. Rosier" under Code § 38.2-2206(F), Erie Insurance Property & Casualty Company (Erie) filed an answer to Clutteur's complaint.

On March 17, 2021, the circuit court granted Rosier's motion to file an amended answer asserting that Rosier was deceased as of September 17, 2017. After the amended answer was

---

[4] In addition to serving Rosier, Clutteur served her complaint on Erie Insurance Property & Casualty Company (Erie) pursuant to Code § 38.2-2206, titled "Uninsured motorist insurance coverage." Upon being served, Erie had "the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle." Code § 38.2-2206(F). Accordingly, Erie filed an answer to the complaint in the name of "Nancy C. Rosier" on August 16, 2019. For the sake of brevity, the actions and pleadings of Erie done in the name of "Nancy C. Rosier" are herein referred to as Rosier's actions and pleadings.

[5] In accordance with the general definitions provided under Code § 8.01-2, "action" and "suit" are used interchangeably in this opinion.

filed on April 16, 2021, a personal representative for Rosier, Marc D. Janney, Esq., qualified under Code § 64.2-454.[6]

On April 23, 2021, Rosier filed a "Plea of Statute of Limitations and Motion for Summary Judgment." Rosier asserted that Clutteur's action against a deceased party-defendant was a nullity because the time provided for amending Clutteur's complaint to substitute a personal representative for Rosier in accordance with Code § 8.01-229(B)(2)(b) had expired. Rosier also asserted that the applicable limitations period for commencing a personal injury action against a deceased defendant provided in Code § 8.01-243(A) and Code § 8.01-229(B)(2)(a) had expired.

On April 27, 2021, Clutteur moved to amend her complaint to substitute Rosier's personal representative for Rosier. But prior to obtaining a ruling on the motion—and *after* the expiration of the time provided under Code § 8.01-229(B)(2)(b) for amending Clutteur's complaint to substitute Rosier's personal representative—Clutteur requested, and was granted, a nonsuit by order entered July 26, 2021.

On August 17, 2021, well within the time period for recommencing a nonsuited action provided by Code § 8.01-229(E)(3), Clutteur recommenced her action against Rosier and again moved to substitute Rosier's personal representative for Rosier as named party-defendant pursuant to Code § 8.01-229(B)(2)(b).

On September 8, 2021, Rosier, by insurance counsel acting in the name of Rosier, filed a plea-in-bar, contending that Clutteur's originally filed complaint against a deceased defendant,

---

[6] As relevant to this case, Code § 64.2-454 authorizes the appointment of an administrator solely for the defense of a civil action asserted against a deceased nonresident of Virginia if after 60 days from the date of death, no other administrator has been appointed under Code § 64.2-502 (authorizing appointment of an administrator of an intestate estate) or Code § 64.2-500 (authorizing appointment of an administrator where a will either fails to name an executor, or the named executor is, or becomes, ineligible).

Rosier, was a legal nullity and, consequently, that Clutteur's action against Rosier was time-barred.[7]  Rosier argued that Clutteur's action was time-barred because (1) Clutteur's action was filed after the expiration of the applicable limitations period and (2) Clutteur's action was not entitled to tolling based on the nonsuited action pursuant to Code § 8.01-229(E)(3) because the limitations period for Clutteur's action "had already run prior to the taking of the nonsuit." Record ("R.") 6.  In support of its plea-in-bar, Rosier incorporated the arguments included in its "Plea of Statute of Limitations and Motion for Summary Judgment," filed on April 23, 2021, in the nonsuited action, and attached the pleading as Exhibit A.  R. 8-14.

In opposition to Rosier's plea-in-bar, Clutteur responded that her second filed complaint was not untimely because, having recommenced the nonsuited action within six months, the statute of limitations was tolled by the nonsuited action.  Clutteur also asserted that a "general appearance" by Rosier's counsel in the nonsuited action tolled the statute of limitations.

After a hearing held on November 18, 2021, the circuit court granted Rosier's plea-in-bar by order entered January 25, 2022, and dismissed Clutteur's complaint with prejudice.  The circuit court based its ruling on "reasons cited by Defendant." R. 117.  This appeal followed.

STANDARD OF REVIEW

"The standard of review on appeal when considering a plea in bar is 'functionally de novo' when the appellate court must consider solely the pleadings to resolve the issue presented." *Plofchan v. Plofchan*, 299 Va. 534, 547 (2021) (citing *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019)).  "When the circuit court takes no evidence on the plea in bar, we accept the plaintiff's allegations in the complaint as true." *Id.* at 547-48 (citing *Station #2, LLC v. Lynch*, 280 Va. 166, 169 (2010)).

---

[7] Clutteur has not asserted any objection to Erie's filing of its pleadings in the name of Rosier.

"Whether a pleading has adequately identified the proper party to be sued is a question of law, which we review de novo." *Ray v. Ready*, 296 Va. 553, 558 (2018). "We review issues of statutory interpretation and a circuit court's application of a statute to its factual findings, de novo." *Cole v. Smyth Cnty. Bd. of Supervisors.*, 298 Va. 625, 635 (2020).

ANALYSIS

*I. Clutteur's originally filed action against Rosier is a legal nullity.*

Rosier died in September 2017, more than a year before Clutteur's original filing date of December 14, 2018. "[I]t is well established under Virginia law that '[a]ll suits and actions must be prosecuted by and against living parties, in either an individual or representative capacity.'" *Ray*, 296 Va. at 558 (second alteration in original) (quoting *Rennolds v. Williams*, 147 Va. 196, 198 (1927)); *Mann v. Land*, 177 Va. 509, 514 (1941) (same); *Booth v. Dotson*, 93 Va. 233, 235 (1896) (same). "That is because '[t]here must be such parties to the record as can be affected by the judgment and from whom obedience can be compelled.'" *Ray*, 296 Va. at 558 (alteration in original) (quoting *Rennolds*, 147 Va. at 198-99); *Mann*, 177 Va. at 514 (citing 1 *Freeman on Judgments*, sec. 153). Accordingly, prior to the enactment of Code § 8.01-229(B)(2)(b), an action commenced against a deceased person was a legal nullity. *See Est. of James v. Peyton*, 277 Va. 443, 450 (2009); *Parker v. Warren*, 273 Va. 20, 24 (2007) (citing *Rennolds*, 147 Va. at 198-200). "Thus, [prior to the enactment of Code § 8.01-229(B)(2)(b),] if a litigant filed a personal action against a defendant who, possibly unbeknownst to the plaintiff, had died, . . . the statute of limitations would continue to run." *James*, 277 Va. at 450 (second alteration in original) (quoting *Parker*, 273 Va. at 24).

> Nor could the error, even if unintentional, be cured by substituting the executor or administrator of the deceased party's estate "because the personal representative was a person distinct from the decedent, the mistaken naming of the decedent was not a

> misnomer and substitution of the personal representative did not relate back to the initial filing of the lawsuit."

*Id*. at 450-51 (quoting *Parker*, 273 Va. at 24).[8]

In a personal injury action seeking recovery for injuries caused by a decedent, the proper party-defendant is the decedent's personal representative authorized to defend such actions on the decedent's behalf. *See Swann v. Marks*, 252 Va. 181, 184 (1996) ("*[A]ctions* [against a decedent] may only be [properly] filed against the decedent's personal representative." (citing Code § 8.01-229(B)(2), (B)(4))).

By providing a means for converting an action filed against a decedent to a properly filed action against the decedent's personal representative, Code § 8.01-229(B)(2)(b) suspends the rule that an action filed against a decedent is a legal nullity. If a complaint filed against a decedent is amended to substitute the decedent's authorized personal representative within the time limit provided in Code § 8.01-229(B)(2)(b), the complaint is taken to have been properly filed against the personal representative. *See McManama v. Plunk*, 250 Va. 27, 35 (1995) (holding that a suit filed against a decedent is not a nullity when amended to substitute a personal representative in accordance with Code § 8.01-229(B)(2)(b)); Code § 8.01-229(B)(2)(b). Code § 8.01-229(B)(2)(b) provides:

> Effect of death of a party.--The death of a person . . . against whom an action may be brought shall toll the statute of limitations as follows:
>
> . . . .
>
> Death of person against whom personal action may be brought.

---

[8] Although Code § 8.01-6.3 authorizes—without time limit—the substitution of a personal representative for an improperly named party in any action "required to be . . . defended by . . . a personal representative," that authorization is limited to actions in which the personal representative has otherwise been identified. *See Ray*, 296 Va. at 560 (rejecting contention that Code § 8.01-6.3 authorizes substituting a personal representative for the estate of a decedent where "neither the name of the personal representative nor any reference thereto is anywhere to be found in the body of the complaint").

. . . .

> If a person against whom a personal action may be brought dies before suit papers naming such person as defendant have been filed with the court, then *such suit papers may be amended to substitute the decedent's personal representative* as party defendant *before the expiration of the applicable limitation period or within two years after the date such suit papers were filed with the court, whichever occurs later*, and such suit papers shall be taken as properly filed.

(Emphasis added). Since Code § 8.01-229(B)(2)(b) only *suspends* the rule that an action against a decedent is a legal nullity to provide a limited opportunity to substitute the decedent's personal representative for the decedent, it follows that a failure to timely make the substitution renders the action a legal nullity.

Clutteur contends that Code § 8.01-229(B)(2)(b) supplanted the rule that an action against a decedent is a nullity. Accordingly, Clutteur argues that the only consequence of Clutteur's failure to timely substitute Rosier's personal representative in the originally filed action is that Clutteur was required to restart the Code § 8.01-229(B)(2)(b) substitution period by taking a nonsuit and recommencing the action against Rosier. This Court disagrees. By providing a means for converting an improperly filed action against a decedent into a properly filed action against a personal representative, the General Assembly recognized that an action against a decedent is *not* properly filed. Although Code § 8.01-229(B)(2)(b) does not expressly state the status of an action against a decedent that is not amended to substitute a personal representative, the General Assembly is presumed to have been aware of Supreme Court of Virginia precedent holding that a suit naming a decedent as a party-defendant is a legal nullity. *See Ray*, 296 Va. at 558 ("[I]t is well established under Virginia law that '[a]ll suits and actions must be prosecuted by and against living parties, in either an individual or representative capacity.'" (second alteration in original) (quoting *Rennolds*, 147 Va. at 198)); *Lambert v. Sea Oats Condo. Ass'n, Inc.*, 293 Va. 245, 254 (2017) ("We presume that when the General

- 8 -

Assembly enacts legislation, it is aware of this Court's precedents."). An amendment of suit papers to substitute a personal representative for the decedent is authorized by Code § 8.01-229(B)(2)(b) *only if* the amendment is made within the applicable limitations period, or within two years of the filing date of such papers, whichever occurs later. *See* Code § 8.01-229(B)(2)(b). Consequently, although Code § 8.01-229(B)(2)(b) suspends the rule that an action against a decedent is a nullity, once the action is no longer amendable to a properly filed action against a personal representative, that action is a nullity having no legal effect.[9]

It follows that Clutteur's original action against the decedent Rosier—filed on December 14, 2018—is a legal nullity because Clutteur failed to amend the action to name a personal representative of Rosier within the time provided by Code § 8.01-229(B)(2)(b). *See* Code § 8.01-229(B)(2)(b) (authorizing amendment substituting a personal representative for a decedent). Clutteur's cause of action for personal injury accrued on January 2, 2017, when Clutteur's vehicle was allegedly struck by a vehicle operated by Rosier. The applicable limitations period for commencing an action relating to the alleged personal injury ended on January 2, 2019—two years after the cause of action accrued. *See* Code § 8.01-243(A). Therefore, Code § 8.01-229(B)(2)(b) permitted an amendment of Clutteur's originally filed action to substitute a personal representative for Rosier by the later of January 2, 2019—two years after the cause of action for personal injury accrued—and December 14, 2020, two years after the action against Rosier was filed. However, by COVID-19 judicial emergency orders, statutes of limitation were tolled from March 16, 2020, through July 19, 2020, extending the

---

[9] Under Clutteur's proposed construction of Code § 8.01-229(B)(2)(b), whether an action against a decedent is a nullity would indefinitely depend on whether a personal representative is substituted for the decedent in some future recommenced action.

December 14, 2020 deadline 126 days to April 19, 2021.[10]  It is undisputed that Clutteur did not amend her originally filed action to substitute a personal representative for Rosier by the April 19, 2021 deadline.

Because Clutteur did not avail herself of the opportunity to amend her originally filed complaint under Code § 8.01-229(B)(2)(b), the originally filed complaint could no longer be amended to substitute a personal representative for Rosier while preserving the original filing date of December 14, 2018.  *See James*, 277 Va. at 450 (unless authorized by Code § 8.01-229(B)(2)(b), substitution of personal representative for a deceased party does not relate back to the filing date of the originally filed action); *see also* Code § 8.01-229(B)(2)(b) (providing time limits within which an amendment to substitute a personal representative for a decedent relates back to the original filing date).  Thus, after the Monday, April 19, 2021 deadline expired, Clutteur's originally filed complaint was an *unamendable* suit filed against a deceased person and, consequently, a legal nullity.  *See Swann*, 252 Va. at 184 (suit filed against a deceased party is a legal nullity).

  *II. The commencement of the nonsuited action did not toll the statute of limitations.*

  Clutteur contends that the nonsuit tolling provided under Code § 8.01-229(E)(3) preserves the tolling effect of the commencement date of her originally filed and nonsuited action.  Code § 8.01-229(E)(3) provides:

> If a plaintiff suffers a voluntary nonsuit *as prescribed in [Code] § 8.01-380*, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action . . . and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation . . . .

---

[10] It is undisputed that the statute of limitations was suspended by the COVID-19 judicial emergency orders between March 16, 2020, and July 19, 2020.  *See English v. Quinn*, 76 Va. App. 80, 84 (2022) (COVID-19 judicial emergency orders suspended the running of statutes of limitation for 126 days between March 16, 2020, and July 19, 2020).

(Emphasis added). "In Virginia, a plaintiff may take one nonsuit as a matter of right." *INOVA Health Care Servs. v. Kebaish*, 284 Va. 336, 344 (2012) (citing Code § 8.01-380(B) ("[O]ne nonsuit may be taken to a cause of action . . . as a matter of right.")). Code § 8.01-380(E) further provides that "[a] voluntary nonsuit taken pursuant to [Code § 8.01-380] is subject to the tolling provisions of [Code § 8.01-229(E)(3)]." Plaintiffs generally take a voluntary nonsuit when encountering problems that would be resolved by restarting the litigation while preserving the tolling effect of the commencement of the nonsuited action.[11] Consequently, "[t]he right to take a nonsuit . . . is a powerful tactical weapon in the hands of a plaintiff." *Trout v. Commonwealth Transp. Comm'r of Va.*, 241 Va. 69, 73 (1991). However, Code § 8.01-380 has been construed to limit the availability of nonsuits to "validly pending proceeding[s]." *See Johnston Mem'l Hosp. v. Bazemore*, 277 Va. 308, 313 (2009) ("Although Code § 8.01-380(B) grants one nonsuit 'as a matter of right,' only a validly pending proceeding can be nonsuited." (quoting Code § 8.01-380(B))); *Nerri v. Adu-Gyamfi*, 270 Va. 28, 31 (2005) (only valid proceedings can be nonsuited). As explained in *Bazemore*:

> If an action is a nullity, regardless of the reason it is such, then no legal proceeding is pending that can be nonsuited. To hold otherwise could give an action that has no legal effect the benefit of the tolling provision and the six-month period in which to refile a nonsuited action provided in Code § 8.01-229(E)(3).

*Bazemore*, 277 Va. at 314. Because Clutteur's originally filed action against the deceased Rosier was not amendable to substitute Rosier's personal representative for Rosier after the time for making the amendment under Code § 8.01-229(B)(2)(b) expired, that action was a nullity, not a

---

[11] For example, recommencing an action after a nonsuit permits the correction of a misnomer that incorrectly identifies the defendant. *See Edwards v. Omni Int'l Servs., Inc.*, 301 Va. 125, 129 (2022) (observing that a plaintiff "may nonsuit the case and file a new action correctly naming the defendant"). Recommencing an action after a nonsuit also restarts the time limit for serving the defendant. *See Collins v. Shepherd*, 274 Va. 390, 399 (2007) (after failing to timely serve the defendant, plaintiff was entitled to restart the service time limit by taking a nonsuit and recommencing the action).

valid pending proceeding.  Consequently, a nonsuit was unavailable and Clutteur's refiled action is not entitled to the tolling under Code § 8.01-229(E)(3).  *See id.* at 313-14.

Clutteur contends that *McManama v. Plunk* authorizes the use of a nonsuit to extend the time for substituting a personal representative for the deceased Rosier under Code § 8.01-229(B)(2)(b), but *McManama* is distinguishable.  In *McManama*, after allegedly suffering a personal injury caused by Terry Plunk on September 5, 1988, the plaintiff filed an action against Plunk on August 27, 1990, before the applicable limitations period for personal injury actions would otherwise have expired on September 5, 1990.  *See McManama*, 250 Va. at 29; Code § 8.01-243(A) (personal injury actions must be filed within two years after the cause of action accrues).  While the action was pending, and after the expiration of the applicable limitations period, Plunk died on February 26, 1991.  *McManama*, 250 Va. at 29.  A personal representative for Plunk qualified on July 30, 1991.  *Id.*  However, since Plunk died *after* expiration of the applicable limitations period, a new action commenced against the personal representative was not authorized by Code § 8.01-229(B)(2)(a).  *See* Code § 8.01-229(B)(2)(a) (authorizing a suit against the personal representative of person who dies *before* the expiration of the applicable limitations period).  Also, since the plaintiff's suit was not filed *after* Plunk died, Code § 8.01-229(B)(2)(b) did not authorize substituting the personal representative for Plunk. *See* Code § 8.01-229(B)(2)(b) (providing time to substitute personal representative for decedent-defendant in a suit filed after the defendant died).  Without other options for asserting an action against Plunk's personal representative, the plaintiff nonsuited the action against the deceased

Plunk on August 29, 1991.[12]  *McManama*, 250 Va. at 29.  Then, in accordance with Code § 8.01-229(E)(3), the plaintiff filed, within six months from the entry of the nonsuit order, a complaint naming the decedent that, having been filed after Plunk's death, was eligible for amendment under Code § 8.01-229(B)(2)(b).  *See id.* at 30; Code § 8.01-229(E)(3) (action commenced within six months of a nonsuit order is tolled by the commencement of the nonsuited action); Code § 8.01-229(B)(2)(b) (authorizing substitution of a personal representative within two years of filing a complaint against a defendant who predeceased the filing).  Subsequently, the plaintiff filed a motion to substitute the personal representative for the decedent, which the trial court granted.  *McManama*, 250 Va. at 30.  Relying on Code § 8.01-229(B)(2)(b), the Supreme Court rejected the defendant's contention that, despite the substitution of a personal representative for the decedent, the action was a nullity because it was filed "against a known dead person."[13]  *See id.* at 35 (observing that "the personal representative properly was substituted as a party defendant" (citing Code § 8.01-229(B)(2)(b))).

Although the plaintiff in *McManama*, unlike Clutteur, was authorized to obtain a nonsuit and recommence the action with the statute of limitations tolled by the nonsuited action, *McManama* is easily distinguishable.  The original complaint in *McManama*—unlike Clutteur's

---

[12] The plaintiff at first purported to recommence the nonsuited action by filing a second complaint naming the personal representative as the party defendant.  *McManama*, 250 Va. at 29-30.  The defendant moved to dismiss based on the statute of limitations, asserting that the action against the personal representative was not entitled to tolling from the commencement of the nonsuited action because the action against the personal representative was not the same as the nonsuited action against the decedent.  *Id.*  In response, the plaintiff filed a third complaint against the deceased Plunk in order to recommence the nonsuited action and benefit from tolling under Code § 8.01-229(E)(3).  *Id.* at 30.  The plaintiff then moved to substitute Plunk's personal representative for the deceased Plunk in accordance with Code § 8.01-229(B)(2)(b).  *Id.*

[13] Since the defendant in *McManama* only claimed that the action *filed* against a known dead person was a nullity, the Supreme Court did not expressly address the status of the original action.  The original action was nonsuited after the death of a defendant who was *alive* at the time the action was commenced.

complaint—was properly filed against a defendant who was *alive*, and thus a *proper party*, when the nonsuited action was commenced. *Cf. Bazemore*, 277 Va. at 313-14 (nonsuit unavailable in an action that was not properly commenced).

### III. Clutteur's recommenced action against Rosier is time-barred.

Without any tolling benefit from the commencement of Clutteur's originally filed action, Clutteur's action, commenced by the August 17, 2021 filing of the second complaint against the deceased Rosier, is time-barred. Code § 8.01-229(B)(2)(b) authorizes the amendment of Clutteur's second complaint to substitute Rosier's personal representative for Rosier. *See* Code § 8.01-229(B)(2)(b) (providing a minimum of two years after filing to substitute a personal representative for a decedent-defendant).[14] Although an amendment of the second complaint to substitute a personal representative for the deceased Rosier would render the second complaint *properly filed*, the resulting action against the personal representative would only relate back to August 17, 2021, the filing date of the second complaint. Because the originally filed action was not properly filed and is a nullity, it is ineffective to establish a tolling commencement date. As explained below, Clutteur only had until January 21, 2021—well before August 17, 2021—to timely file suit against Rosier's personal representative.

Rosier died on September 17, 2017, *before* the action commenced by the filing the second complaint, and—given that the cause of action accrued on January 2, 2017—before the expiration of the applicable two-year limitations period on January 2, 2019. *See* Code § 8.01-243(A) (stating a two-year statute of limitations for personal injury actions). The time for

---

[14] Rosier contends that Code § 8.01-229(B)(2)(b) only authorizes amendment of the originally filed complaint. This Court disagrees. There is no support in the plain language of Code § 8.01-229(B)(2)(b) for limiting the phrase "such suit papers" to the suit papers filed in a prior or first-filed action against a decedent. *See Commonwealth v. Amos*, 287 Va. 301, 307 (2014) ("This Court may not construe the plain language of a statute 'in a manner that amounts to holding that the General Assembly meant to add a requirement to the statute that it did not actually express.'" (quoting *Vaughn, Inc. v. Beck*, 262 Va. 673, 679 (2001))).

commencing an action against a personal representative for a defendant who dies before the expiration of the applicable limitations period and before commencement of the action is provided in Code § 8.01-229(B)(2)(a). Code § 8.01-229(B)(2)(a) provides:

> Effect of death of a party.--The death of a person . . . against whom an action may be brought shall toll the statute of limitations as follows:
>
> . . . .
>
> Death of person against whom personal action may be brought.
>
> If a person against whom a personal action may be brought dies before the commencement of such action and before the expiration of the limitation period for commencement thereof then . . . an action may be commenced against the decedent's personal representative before the expiration of the applicable limitation period or within one year after the qualification of such personal representative, whichever occurs later.

Although the time limit stated in Code § 8.01-229(B)(2)(a) expressly extends the commencement date to one year after the qualification of a personal representative, Code § 8.01-229(B)(6) limits the impact of any delay in qualifying the personal representative to two years. *See* Code § 8.01-229(B)(6) ("Delayed qualification of personal representative"). Code § 8.01-229(B)(6) provides:

> Delayed qualification of personal representative.--If there is an interval of more than two years between the death of any person . . . against whom a cause of action has accrued . . . and the qualification of such person's personal representative, such personal representative shall, for the purposes of this chapter, be deemed to have qualified on the last day of such two-year period.

Thus, if a decedent's personal representative qualifies more than two years after the decedent's death, Code § 8.01-229(B)(6) *deems* the personal representative to have qualified two years after the decedent's death and extends the commencement period to one year after that two-year period, or three years after the decedent's death. Consequently, Code § 8.01-229(B)(2)(a) read together with Code § 8.01-229(B)(6) extends the time to properly commence an action against a

- 15 -

decedent's personal representative to the *later* of (1) the expiration of the applicable limitations period, and (2) the *earlier* of (i) one year from the qualification of the personal representative, and (ii) three years from the death of the decedent.

Accordingly, if, as here, the applicable limitation period expires before the last day of the maximum three-year period for commencing an action against a qualified personal representative, the failure to qualify a personal representative in time to commence an action against the personal representative within three years is fatal. Thus, where no personal representative has qualified to represent a deceased person in an action, Code § 8.01-229(B)(6) places the burden of qualifying a personal representative on the litigant seeking to properly and timely commence an action. Where the appointment of a personal representative is delayed, a litigant is required to move the trial court to appoint a personal representative for the limited purpose of defending the action in accordance with Code § 64.2-454. Code § 64.2-454 authorizes appointing a personal representative of a deceased person to defend a personal injury action where no personal representative has otherwise qualified within 60 days of that person's death.[15] *See* Code § 64.2-454 (authorizing appointment of a personal representative to defend an action asserted against a deceased person's estate or beneficiaries).

On April 16, 2021, a personal representative qualified under Code § 64.2-454 to defend Rosier against Clutteur's action. However, under Code § 8.01-229(B)(6), a personal representative is *deemed* to have qualified on September 17, 2019, two years after Rosier died. *See* Code § 8.01-229(B)(6). Under Code § 8.01-229(B)(2)(a), Clutteur had a year, or until September 17, 2020, to commence her suit against Rosier's personal representative. But,

---

[15] Code § 64.2-454 limits the appointment of a case-specific personal representative to circumstances where an executor or administrator has not been appointed within 60 days of the decedent's death under Code § 64.2-500 (providing for appointment of an administrator of a will) or Code § 64.2-502 (providing for the appointment of an administrator of an intestate estate).

pursuant to the COVID-19 judicial emergency orders, all case-related deadlines were suspended for 126 days between March 16, 2020, to July 19, 2020. *See English*, 76 Va. App. at 84 (COVID-19 judicial emergency orders suspended case deadlines for 126 days between March 16, 2020, and July 19, 2020). Consequently, the September 17, 2020 deadline for Clutteur to commence her suit against Rosier's personal representative was extended 126 days to January 21, 2021. Since the cause of action against Rosier accrued on January 2, 2017, the applicable limitations period for Clutteur's personal injury action expired on January 2, 2019. *See* Code § 8.01-243(A) (defining a two-year limitations period for personal injury actions). Clutteur's suit, filed on August 17, 2021, is time-barred under Code § 8.01-229(B)(2)(a) because it was filed *after* the expiration of the applicable limitations period on January 2, 2019, and after January 21, 2021. *See* Code § 8.01-229(B)(2)(a), (B)(6). Thus, this Court affirms the circuit court's order granting the plea-in-bar and dismissing Clutteur's action with prejudice.

Clutteur separately assigns error to the circuit court's "failing to find that the applicable statute of limitations was tolled when counsel for defendant had entered a general appearance on behalf of defendant." However, Clutteur does not cite any supporting authority nor explain how the general appearance of insurance counsel and filing pleadings in the name of "Nancy C. Rosier" has any impact on her deadline under Code § 8.01-229(B)(2)(b) for amending her action to substitute Rosier's personal representative for Rosier. Nonetheless, to the extent that Clutteur contends that the presence of counsel filing pleadings in the name of the decedent relieved Clutteur of the obligation to amend her action pursuant to Code § 8.01-229(B)(2)(b), this Court disagrees. Counsel, acting in the name of the decedent, did not become the party-defendant in Clutteur's action by virtue of a general appearance. Nor did counsel's general appearance qualify counsel as the authorized personal representative of the decedent under Code § 64.2-454.

- 17 -

Moreover, the circuit court granted the plea-in-bar for the reasons stated by Rosier. Thus, the circuit court did not accord any tolling effect to the purportedly nonsuited action because Clutteur's failure to timely convert that action into a properly filed action against a personal representative in accordance with Code § 8.01-229(B)(2)(b) rendered that action a nullity. Clutteur has not identified any part of the record where the circuit court ruled that the commencement of the originally filed action, even if properly amended, would not have tolled the statute of limitations.[16]

CONCLUSION

Clutteur's failure to amend the originally filed action to substitute a qualified personal representative for the named deceased party-defendant within the time allowed by Code § 8.01-229(B)(2)(b) rendered the originally filed action unamendable, and, therefore, a nullity with no legal effect. Additionally, the general appearance of insurance counsel filing pleadings in the name of the deceased defendant did not relieve Clutteur of the obligation to timely amend her originally filed action to substitute a personal representative for the deceased Rosier. Because the originally filed action is a nullity, it was not a properly filed action, and a nonsuit was unavailable. Moreover, because it is a nullity, the originally filed action does not establish a commencement date for tolling the statute of limitations. Consequently, even if Clutteur amended the second complaint to substitute Rosier's personal representative for the deceased Rosier under Code § 8.01-229(B)(2)(b), the resulting action would be time-barred based on the

---

[16] Clutteur does not assign error to the circuit court's failure to grant the pending motion to substitute Rosier's personal representative for Rosier prior to entertaining and ruling on Rosier's plea-in-bar. Clutteur has also not assigned error to the circuit court's entry of a final order in an improperly filed suit against a decedent. "Only assignments of error listed in the brief will be noticed by this Court." Rule 5A:20(c)(1).

- 18 -

filing date of the second complaint.  Accordingly, this Court affirms the judgment of the circuit court granting Rosier's plea-in-bar and dismissing Clutteur's action with prejudice.

*Affirmed.*